Olivia MAURICIO et al.

v.

ZONING BOARD OF REVIEW OF the CITY OF PAWTUCKET et al.

No. 90–4–M.P.

Supreme Court of Rhode Island.

May 16, 1991.

Frances A. Gaschen, Gaschen Law Offices, Pawtucket, for plaintiff.

Gerald J. Pouliot, City of Pawtucket, Pawtucket, Deeb G. Sarkas, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us upon a petition for certiorari wherein the petitioners seek to review a judgment of the Superior Court that dismissed their appeal from a decision of the Zoning Board of Review of the City of Pawtucket. The judgment of dismissal was based upon the failure of the petitioners to file their complaint within the period required by G.L.1956 (1988 Reenactment) § 45–24–20. We affirm. The facts of the case insofar as pertinent to this petition are as follows.

The Pawtucket Zoning Board of Review (zoning board) granted the request of Raymond Pannone for a special exception from the requirements of the Pawtucket zoning ordinance so that he might add two additional residential units to a two-family dwelling house located on Power Road in the City of Pawtucket. The application for special exception was heard by the zoning board on September 27, 1988. On October 4, 1988, the zoning board filed a written decision granting the requested relief. The petitioners, who are neighbors and/or abutting owners in respect to the subject property, sought an appeal from the zoning board's decision by mailing a complaint to the Superior Court. The petitioners claim to have mailed this complaint by first-class mail on October 18, 1988. However, it is undisputed that the complaint was received at the office of the clerk of the Superior Court for Providence County on October 26, 1988. The date of receipt was not within the twenty days after the filing of the zoning board's decision as required by § 45–24–20. This section in pertinent part reads as follows:

"Appeals to superior court.—(a) Any person or persons jointly or severally aggrieved by a decision of the zoning board may appeal to the superior court for the county in which the municipality is situated by filing a complaint setting forth the reasons for the appeal within twenty (20) days after a decision has been filed in the office of the zoning board."

We have frequently stated that when the language of a statute is unambiguous and expresses a clear and sensible meaning, there is no need for statutory construction or the use of interpretive aids. The statute must be applied literally by giving the words their plain and ordinary meaning. *See, e.g., O'Neil v. Code Commission for Occupational Safety and Health,* 534 A.2d 606 (R.I.1987); *Moore v. Rhode Island Share and Deposit Indemnity Corp.,* 495 A.2d 1003 (R.I.1985); *Walsh v. Gowing,* 494 A.2d 543 (R.I.1985). In the case at bar the statute requires that the persons who seek review of a decision of a zoning board must *file* a complaint in the Superior Court for the county in which the municipality is situated within twenty days after the decision of the zoning board has been filed. This statute is plain and unambiguous. It does not give any room for interpretation. It must be complied with in accordance with its terms. These terms require a filing within twenty days, not a mailing or a notice to opposing counsel. This filing was clearly not accomplished within the time limit.

The petitioners argue that the filing of this complaint is analogous to the filing of a complaint in a civil action wherein the commencement of an action may be accomplished in accordance with Rule 3 of the Superior Court Rules of Civil Procedure. This rule of civil procedure provides that a civil action may be commenced by depositing the complaint along with the filing fee in the mail addressed to the clerk of the Superior Court. The short answer to this contention is that an appeal from a decision of the zoning board is not a civil action but is essentially an appellate proceeding. *Blackstone Park Improvement Association v. State Board of Standards & Appeals,* 448 A.2d 1233, 1241 n. 6 (R.I.1982); *Bassi v. Zoning Board of Review of Providence,* 107 R.I. 702, 705, 271 A.2d 210, 212 (1970). This procedure is more analogous to that required to claim an appeal in this court from a decision or judgment of a trial court. Rule 4 of the Supreme Court Appellate Rules requires the filing of the notice of appeal with the clerk of the trial court within twenty days of the entry of the judgment, order, or decree appealed from. We have regarded this time limitation as mandatory, *Title Investment Co. of America v. Fowler,* 504 A.2d 1010 (R.I.1986), save upon a showing of excusable neglect pursuant to which a trial justice may extend the period for an additional thirty days. *Mitchell v. Mitchell,* 522 A.2d 219, 220 (R.I.1987). It must be noted in respect to the case at bar that no such extension is permitted in an appeal from a decision of a zoning board.

As the filing of a notice of appeal is a *sine qua non* in order to invoke the jurisdiction of the Supreme Court for appellate purposes, the filing of a notice of appeal with the clerk of the Superior Court for the appropriate county is an essential condition precedent to the invoking of the jurisdiction of the Superior Court to review a decision of a zoning board. In both instances the necessary act is the filing, not the mailing or sending notice to an adversary. Only the filing sustains the validity of the appeal if made within the required period. Any risk of nondelivery must be borne by the party who seeks the appeal. If the condition is not met, the appeal is invalid and the Superior Court has no choice save to dismiss as was done in this case.

For the reasons stated, the petition for certiorari is denied. The judgment of the Superior Court is affirmed. The writ heretofore issued is quashed. The papers in the case may be remanded to the Superior Court with our decision endorsed thereon.