**WARWICK SCHOOL COMMITTEE**

v.

**WARWICK TEACHERS' UNION Local 915, et al.**

**No. 92–455–Appeal.**

Supreme Court of Rhode Island.

Oct. 2, 1992.

William R. Powers III and James M. Green, Powers, Kinder & Keeney, Inc., Providence, for plaintiff.

Richard A. Skolnik, Lipsey & Skolnik Esquires, Inc., Providence, for defendant.

Forrest L. Avila, Dept. of Educ., Providence, for Com'r of Educ., amicus curiae.

Thomas J. Liguori, Jr., Urso, Liguori & Urso, Westerly, for Nat. Educ. Ass'n, amicus curiae.

## OPINION

PER CURIAM.

This case came before us on a motion for stay filed by the Warwick School Committee (committee) in aid of an appeal filed by the committee from an order of the Superior Court requiring the committee to reinstate and comply with the terms of a collective bargaining agreement entered into between the committee and the Warwick Teachers' Union, Local 915 (union) commencing in 1988 and expiring on August 31, 1991 (expired contract).

The committee and the union had engaged in negotiations intended to culminate in a new collective bargaining agreement which was scheduled to begin on September 1, 1991 and expire on August 31, 1994. The union's negotiators and the committee's negotiators reached an apparent agreement, but the committee later claimed that its negotiators were not authorized to agree to certain aspects of the 1991–1994 agreement (new agreement).

As a result of the dispute concerning the validity of the new agreement, the union in October 1991 filed an unfair labor practice charge with the State Labor Relations Board (board) against the committee by reason of its refusal to execute the new agreement. After a number of hearings the board sustained the union's position and ordered the committee to enter into a written collective bargaining agreement including the terms and conditions orally agreed upon during the negotiating period of March 1991 up to and including September 10, 1991.

The committee appealed the decision of the board to the Superior Court pursuant to G.L.1956 (1988 Reenactment) § 42–35–15. After consideration of this appeal a justice of the Superior Court reversed the decision of the State Labor Relations Board, holding that the members of the committee's negotiating team did not have the authority to agree to the terms and conditions of the new contract in respect to certain key issues. Indeed, the justice of the Superior Court found that the school committee negotiators lacked actual authority to enter into a binding agreement. Consequently, the justice held that the board's conclusion as to authority was erroneous as a matter of law. Therefore, she declined to order the committee to enter into a new collective bargaining agreement in accordance with the terms negotiated by the committee's representatives. This judgment of the Superior Court is currently pending before this court on petition for certiorari.

Meanwhile, negotiations between the committee and the union failed to reach a new agreement by the opening of school in September 1992. As a result of this failure, members of the union refused to report to work on the day scheduled for the beginning of school, and on September 2, 1992, the committee filed a complaint against the union and certain of its members seeking injunctive relief from the Superior Court to order the union and its members to cease to obstruct the committee from carrying out its governmental function of education and its statutory duties in respect to the operation of the Warwick school system. The committee requested that all members of the union, named or unnamed, be ordered and directed to rescind and recall any vote, resolution or order declaring a strike and to continue the performance of their duties as certified teachers in the Warwick school system.

After conducting an evidentiary hearing, a justice of the Superior Court on September 9, 1992, ordered the union, its officers, and teacher members to cease and desist from continuing with the illegal strike.

Pursuant to the issuance of this injunction, the Superior Court later held hearings on a motion to adjudge certain members of the union in contempt for failure to obey its order of September 9. After hearing, 18 members of the union were incarcerated for contempt.

On September 14, 1992, the committee and the union were again before the Superior Court for consideration of the imposi-

tion of further sanctions upon other members of the union for failure to cease and desist from further concerted action that constituted an illegal strike. At this hearing, the justice of the Superior Court announced that he would hear testimony of the Commissioner of Education, Peter McWalters. After hearing the testimony of Peter McWalters and conferring with the Superintendent of Schools of the City of Warwick, the justice inquired whether the striking teachers would return to work pursuant to the terms and conditions of the prior contract which had expired August 31, 1991. Counsel for the teachers, after consultation, replied that they would do so. The response of counsel for the committee was equivocal, but did not amount to an objection. The trial justice entered a written order September 15, 1992.

Thereafter, the committee filed a motion for rehearing that was denied by the Superior Court justice on September 16, 1992. Following this denial, the committee appealed to this court and sought relief from the order of the Superior Court entered September 15, 1992, which required the members of the union to return to work pursuant to the terms and conditions of the expired contract. This order required the committee to abide by the terms and conditions of the expired contract until a subsequent collective bargaining agreement should be reached between the parties.

In support of its motion for stay before this court, the committee attached an affidavit by the Superintendent of Schools of the City of Warwick, Henry S. Tarlian, which asserted that the present implementation of the expired contract and its application retroactively to September of 1991, would require the committee to hire 23 additional teachers, to give step increases to 330 teachers, to award additional compensation to all teachers who had more than 28 students in a class during the 1991 to 1992 school year, and to award alternative health care benefits, all of which would require the committee to make an additional outlay of funds in an amount aggregating approximately five million dollars. The committee contends that the budget ap-

proved for the 1992–1993 school year does not contain such additional funds.

This court heard oral argument in relation to the motion for stay on Friday, September 25, 1992, pursuant to an order of the court issued September 17, 1992. In preparation for this oral argument, the parties filed various memoranda and extensive appendices. The Commissioner of Education was also allowed to file an amicus memorandum.

After considering the oral arguments and the memoranda of the parties, we grant the requested stay for the following reasons.

■ The sole matter before the Superior Court on September 14, 1992, was the question of sanctions to be imposed upon additional members of the union for violating the court's order of September 9, 1992. Under the law of the State of Rhode Island, public employees may engage in collective bargaining, but are not permitted to engage in strikes or other work stoppages in the event that negotiations are unsuccessful. In short, the economic weapon of a strike has not been granted to public employees in aid of their collective bargaining activities. *See e.g. School Committee of Westerly v. Westerly Teachers Association*, 111 R.I. 96, 299 A.2d 441 (1973); *School Committee of Pawtucket v. Pawtucket Teachers Alliance*, 101 R.I. 243, 221 A.2d 806 (1966); *see also* G.L.1956 (1986 Reenactment) § 28–9.3–1.

■ The Superior Court, as a court of equity, has the power to issue injunctive relief to a school committee in order to prevent strikes or illegal work stoppages from impeding or preventing the operation of schools in any community. *School Committee of Pawtucket v. Pawtucket Teachers Alliance*, 510 A.2d 943 (R.I.1986); *School Committee of Pawtucket v. Pawtucket Teachers Alliance*, 117 R.I. 203, 365 A.2d 499 (1976); *Menard v. Woonsocket Teachers Guild*, 117 R.I. 121, 363 A.2d 1349 (1976).

As an incident to the awarding of injunctive relief, a justice of the Superior Court may require that the parties engage in

good-faith bargaining and may appoint one or more special masters or mediators to assist in the implementation and facilitation of such negotiations. However, he or she may not require the parties to enter into any particular agreement, nor may the justice set out the terms and conditions of employment. *Exeter–West Greenwich Regional School District v. Exeter–West Greenwich Teachers Association,* 489 A.2d 1010, 1014 (R.I.1985).

 If a dispute should arise between the parties concerning the effect of the failure to enter into a new agreement and whether or not the terms and conditions of an expired agreement should be controlling pending the negotiation and execution of a new agreement, the tribunal to make such a determination is the State Labor Relations Board pursuant to G.L.1956 (1986 Reenactment) chapter 7 of title 28 as specifically required by § 28–9.3–4. If the union should contend that the terms of an expired agreement should apply until a new agreement should be reached, its remedy would be to file an unfair labor practice complaint with the State Labor Relations Board pursuant to the terms of § 28–7–13. The Superior Court would have jurisdiction only to review the decision of the State Labor Relations Board pursuant to § 42–35–15. In short, the Superior Court does not have original jurisdiction of the question to determine what, if any, agreement is in force between the committee and the union. Since the Superior Court does not have original jurisdiction of this question, it was beyond the power of the justice of the Superior Court to order the school committee to abide retroactively or otherwise by the terms of the expired agreement. The absence of subject matter jurisdiction may be raised at any time, including during the course of an appeal before this court or by collateral attack. *See Hartt v. Hartt,* 121 R.I. 220, 397 A.2d 518 (1979). Subject matter jurisdiction is an indispensable ingredient of any judicial proceeding, and the absence thereof can be raised by any party or by the court sua sponte at any time and can be neither waived nor conferred by consent of the parties. *State v. Kenney,* 523 A.2d 853 (R.I.1987); *Petition of Loudin,* 101 R.I. 35, 219 A.2d 915 (1966).

Consequently, the order of the Superior Court entered September 15, 1992 is hereby stayed.