[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an administrative appeal from a final decision of the Appeals Office in the Department of Human Services. Jurisdiction in this Superior Court is pursuant to § 42-35-15 R.I.G.L.
I
FACTS — CASE TRAVEL
Plaintiff, Ruth A. Boughton is 89 years of age and a resident of Steere House in Providence which is a long term care facility. For several years she has been under guardianship, her guardian being William J. Delaney, Esquire. In March of 1991, a representative from Steere House contacted the Rhode Island Department of Human Services relative to obtaining medical assistance from the Department. As a result of the inquiry from Steere House for Ms. Boughton, the Department contacted her guardian and scheduled a meeting on April 11, 1991 to discuss Ms. Boughton's eligibility for medical assistance. Ms. Boughton's guardian, however, failed to appear at the scheduled meeting and the Department again contacted him and scheduled another meeting for May 6, 1991. At that May meeting, Ms. Boughton's guardian submitted his ward's application for Medical Assistance. It was duly file marked, processed, and approved. Ms. Boughton was found eligible for medical assistance payments effective, or beginning, May 1, 1991. Ms. Boughton's guardian appealed that determination claiming that his ward was entitled to medical assistance payments commencing April 1, 1991. That appeal was denied by the Appeals Office for the Department of Human Services. This appeal followed.
II
CERTIFIED RECORD REVIEW
This Court's appellate jurisdiction is clearly delineated in § 42-35-15 R.I.G.L. It cannot substitute its judgment on questions of fact previously determined by the defendant agency.Costa v. Registrar of Motor Vehicles, 543 A.2d 1307 (R.I. 1988); Lemoine v. Department of Public Health, 113 R.I. 285, 291 (1974). If there is any legally competent evidence in the agency hearing certified record which supports the agency's decision, this Court is required to affirm the agency's factual determinations. Sartor v. Coastal Resources Mgt. Council,542 A.2d 1077 (R.I. 1988); Narragansett Wire Co. v. Norberg,118 R.I. 596, 607 (1977). Judicial review, except in cases where the agency's factual findings are completely bereft of competent evidentiary support in the record, is limited to questions of law. St. Pius X Parish Corp. v. Murray, 557 A.2d 1214 (R.I. 1989).
In this case, the certified record discloses that Ms. Boughton's guardian, after failing to keep an April 1991 meeting with the Department of Human Services, filed an application for medical assistance payments on May 6, 1991. By departmental regulations, all contained in the Department of Human Services Manual (DHS), it is specifically provided that the Department may establish eligibility for medical assistance payments beginning on the first day of the month in which eligibility has been determined, but no earlier than the first day of the month in which the application is filed. Section 300 DHS Manual (A, E, G, C).
Plaintiff guardian's contention that Section 300 in the DHS Manual can be construed to mean that whenever someone calls or contacts the Department of Human Services and inquires about what must be done to obtain medical assistance payments, that such activity constitutes an application filing so as to meet the application filing requirements in Section 300, is simply obvert. To file means just that. Mauricio v. Zoning Board of Pawtucket,590 A.2d 879 (R.I. 1991).
In this case, the certified record clearly reveals that the decision by the Appeals Office of the Department of Human Services is supported by both the substantial evidence and the law. Accordingly, the plaintiff's appeal is denied and dismissed, and the Appeals Office decision is affirmed.