Gerald M. CARBONE

v.

**PLANNING BOARD OF APPEAL OF the TOWN OF SOUTH KINGSTOWN et al.**

**No. 96–578–M.P.**

Supreme Court of Rhode Island.

Nov. 19, 1997.

Susan M. Cute, Pawtucket, for Plaintiff.

Michael DeSisto, Providence, Stephen B. Kenyon, Andrew M. Teitz, Mary McLeod, Wakefield, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG and BOURCIER, JJ.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court for oral argument October 21, 1997, pursuant to an order that had assigned the case to the motion calendar with directions to all parties to show cause why the issues raised should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this petition for certiorari should be decided at this time.

The plaintiff, Gerald M. Carbone (Carbone), seeks review of a judgment entered in the Superior Court dismissing his appeal from a decision of the Planning Board of Appeal of the town of South Kingstown (board of appeal). The board of appeal had affirmed a decision of the South Kingstown Planning Board (planning board) that reinstated a master plan of the proposed Wood-field subdivision in South Kingstown. The subdivision was owned by Property Shop, Inc., a corporate entity which was the original applicant before the planning board for approval of the proposed subdivision. Carbone is an owner of property abutting the proposed Woodfield subdivision. He purported to appeal from the decision of the appeal board pursuant to G.L.1956 § 45–23–71, as enacted by P.L.1992, ch. 385, § 1, which provides in pertinent part as follows:

"[A]n aggrieved party may appeal a decision of the board of appeal, to the superior court for the county in which the municipality is situated by filing a complaint setting forth the reasons of appeal within twenty (20) days after the decision has been recorded and posted in the office of the city or town clerk. The board of appeal shall file the original documents acted upon by it and constituting the record of the case appealed from, or certified copies thereof, together with such other facts as may be pertinent, with the clerk of the court within thirty (30) days after being served with a copy of the complaint. When the complaint is filed by someone other than the original applicant or appellant, such original applicant or appellant and the members of the planning board shall be made parties to the proceedings."

The attorney for the board of appeal moved to dismiss Carbone's appeal on the ground that he failed to add Property Shop, Inc., the original applicant as a party. A justice of the Superior Court to whom the appeal had been assigned granted the motion to dismiss on the ground that the statute was clear and unambiguous and must be literally applied. *See Mauricio v. Zoning Board of Review of Pawtucket,* 590 A.2d 879, 880 (R.I.1991). The justice took the position that failure to join Property Shop, Inc., constituted a fatal defect in his complaint and, therefore, the appellate jurisdiction of the Superior Court was improperly invoked. Moreover, Carbone failed to make the members of the planning board parties to the proceeding as the statute clearly required. This was an additional basis for dismissing his complaint.

Prior to the dismissal Carbone filed a motion to amend his complaint to include Property Shop, Inc., and the members of the planning board as parties. He also moved for joinder of said persons as parties pursuant to Rule 21 of the Superior Court Rules of Civil Procedure. His initial motion to amend was in accordance with Rule 15 of the Superior Court Rules of Civil Procedure. The Superior Court justice denied these motions on the ground that the rules of civil procedure do not apply to appeals from a decision of a planning board of appeal citing *Mauricio*, 590 A.2d at 880, and *Mairorisi v. Zoning Board of Review of Providence*, 493 A.2d 821, 823 (R.I.1985).

We agree that our prior decisions in respect to the applicability of the rules of civil procedure to appeals from administrative agencies have been somewhat ambiguous. In *Mairorisi*, we were confronted with a case in which the plaintiffs had filed an appeal with the Superior Court from the granting of a variance, but the plaintiffs named only the board as a party defendant. Thereafter, they moved to amend the complaint to add the applicant, Varone, as a party defendant. The Superior Court justice granted the motion. Thereafter, Varone filed an answer setting forth as an affirmative defense that the appeal was time barred by the applicable statute which required that a complaint be filed within twenty days after the zoning board's decision. The plaintiffs asserted that under Rule 15(c), an amendment when granted, would relate back to the time of the original pleading. We remanded the case to the Superior Court for an evidentiary hearing on the issue of prejudice and on the question of whether the plaintiffs were estopped from complaining against Varone after the expiration of the appeal period.

In *Mauricio* we held that Rule 3 of the Superior Court Rules of Civil Procedure was not applicable to the filing of a complaint appealing from a decision of the zoning board of review of the city of Pawtucket. We stated that the complaint must be filed within twenty days in the Superior Court for the county in which the municipality is situated. We declined to apply Rule 3 of the Superior Court Rules of Civil Procedure, which allows filing of a complaint along with the filing fee in the mail addressed to the clerk of the Superior Court. We stated that an appeal from a decision of a zoning board is not a civil action, but essentially an appellate proceeding. We stated that the procedure of appealing from a zoning board was analogous to that required to claim an appeal in the Supreme Court. We observed:

> "As the filing of a notice of appeal is a *sine qua non* in order to invoke the jurisdiction of the Supreme Court for appellate purposes, the filing of a notice of appeal with the clerk of the Superior Court for the appropriate county is an essential condition precedent to the invoking of the jurisdiction of the Superior Court to review a decision of a zoning board." *Mauricio*, 590 A.2d at 880.

An appeal from a zoning board or other similar agency while not a civil action is a civil procedure as contemplated in Rule 1 of the Superior Court Rules of Civil Procedure, subject to Rule 80 which deals with review of administrative agency decisions and orders. Rule 80 provides for the filing of a complaint and further provides that "[n]o responsive pleading need be filed unless required by statute or by order of the court." Rule 80(c) further provides, "[t]hese rules [of civil procedure], so far as they are applicable, shall govern the review proceedings." We have already suggested in *Mairorisi* that Rule 15 may be applicable to an appeal from a zoning board of review. We have not previously determined the applicability of Rule 21. However, we believe that the terms of Rule 80 are reasonably clear. The rules of civil procedure insofar as applicable, shall govern the review proceedings. Certainly rules of discovery would not be applicable in an appellate proceeding because the review permitted is generally limited to the record certified to the Superior Court from the planning or zoning board[1] or other

---

1. We are mindful that G.L.1956 § 45–24–69(c) does allow the Superior Court to receive additional evidence to expand the record in a zoning appeal. Whether such a determination by the Superior Court would make discovery rules applicable would of necessity be determined on a case-by-case basis in the sound discretion of the Superior Court.

similar agency. We have previously determined that the filing of a complaint by mail that was not received and filed with the clerk of the Superior Court within the required statutory appellate time could not be assisted by the mailing provision in Rule 3, which we found inapplicable to the filing of an appeal from a decision of a municipal zoning board.

■ However, we do determine in this case that Rules 15 and 21 are applicable in a review proceeding such as that with which we are here concerned. Consequently, as we did in *Mairorisi,* we remand this case to the Superior Court in order to determine whether Carbone's motion to amend his pleading to add the additional required parties pursuant to Rule 15 should be granted. As in *Mairorisi,* a Superior Court justice may consider whether undue prejudice would result in allowing such an amendment. The justice after taking into account the factors mentioned in *Mairorisi,* may also consider whether joinder of additional parties pursuant to Rule 21 should be permitted.

We should also note in remanding this matter that in addition to Rules 15 and 21, we also conclude that Rule 11 of the Superior Court Rules of Civil Procedure is applicable and in the event that any appeal from a local planning board or similar agency is found to violate the conditions of Rule 11, the court may apply appropriate sanctions as therein set forth. Other rules of civil procedure such as Rule 24 which allows for intervention may also be applicable. By mentioning certain rules, we should not be deemed or construed to be excluding other rules that may meet the general requirements set forth in Rule 1 which commands that the rules of civil procedure be construed and administered "to secure the just, speedy, and inexpensive determination of every action." In short, those rules of civil procedure which are consistent with the nature of an appellate proceeding may be applied in furtherance of that goal.

For the reasons stated, the petition for certiorari is granted, the judgment of dismissal is hereby quashed, and the papers in the case are remanded to the Superior Court for further proceedings consistent with this opinion and with our decision endorsed thereon.

FLANDERS and GOLDBERG, JJ., did not participate.