DECISION
Classic Car and Van Sales, Inc. (Classic) appeals from a final order of the Director of the Department of Administration (Director) confirming an adverse decision of the Rhode Island Dealers' License and Regulation Office. As this Court may lack subject matter jurisdiction over this appeal, the Court remands this case to the Director for further proceedings to determine the mailing date of the final order, the date which determines the jurisdictional appeal period.
Initially, this Court observes that "[s]ubject matter jurisdiction is an indispensable ingredient of any judicial proceeding, and the absence thereof can be raised . . . by the court sua sponte at any time and can be neither waived nor conferred by consent of the parties." Warwick School Committee v. Warwick Teachers' Union, 613 A.2d 1273, 1276 (R.I. 1992). Thus, the parties' failure to question this Court's subject matter jurisdiction is of no consequence. However, the fact that the Superior Court has no subject matter jurisdiction over untimely filed administrative appeals is of consequence. See G.L. 1956 § 8-2-17 ("[t]he superior court shall have jurisdiction of such appeals and statutory proceedings as may be provided by law"); G.L. 1956 § 42-35-15(a) 
(b) (aggrieved persons are entitled to judicial review instituted "within thirty (30) days after mailing notice of the final decision of the agency"); see also Carbone v. Planning Board of Appeal,702 A.2d 386, 388 (R.I. 1997) ("`the filing of a notice of appeal [that is, a complaint] with the clerk of the Superior Court . . . is an essential condition precedent to the invoking of the jurisdiction of the Superior Court to review a decision of a zoning board'"); Bayview Towing, Inc. v. Stevenson, 676 A.2d 325, 328 (R.I. 1996) (considering premature filing of appeal from administrative agency and holding that the Superior Court "lacked subject matter jurisdiction to review a final agency decision that never existed"); Great American Nursing Centers, Inc. v. Norberg, 439 A.2d 249, 253 (R.I. 1981) ("failure . . . to comply with the Administrative Procedures Act provision requiring appeals to be brought within thirty days . . . precluded relief.")
In the instant matter, although it appears as if the final order from the Director was dated January 19, 1999[1], the complaint appealing that order was not filed with the Superior Court until February 19, 1999, thirty-one days later. The Administrative Procedures Act requires that persons aggrieved by a final order in a contested case file a complaint with the Superior Court "within thirty (30) days after mailing [the] notice of the final decision of the agency." See G.L. 1956 § 42-35-15(a) (b).
Accordingly, the mailing date of the Director's final decision will dictate whether this Court possesses subject matter jurisdiction. On remand, the Director must determine the date that notice of his final decision was mailed to Classic.
This case is remanded to the Director for further proceedings in accordance with this decision.
Furthermore, the Director is ordered to make his determination within twenty days after this decision is filed and to file with this Court his determination promptly thereafter. This Court will retain jurisdiction to consider subject matter jurisdiction.
Counsel shall prepare and submit an appropriate Order for entry in accordance herewith.
[1] This Court is not in possession of either a copy of the Director's decision or the certified record of the proceedings. Accordingly, even if there were no uncertainty as to whether the complaint was timely filed, this Court would be unable to determine the merits of Classic's appeal without the record.