DECISION
Before the Court is an appeal from a judgment of the District Court ordering the defendant, George Gardiner D.B.A. Calart ("Gardiner") to pay damages to the plaintiff, Hathaway Street Management Corp. ("Hathaway") in the amount of past rent due to Hathaway for property leased to Gardiner and subsequently abandoned, plus the remaining months' rent in accordance with the terms and conditions of the executed lease agreement between the parties. This Court has jurisdiction over such matters pursuant to G.L. 1956 § 9-12-10.
 JURISDICTION
The time for appeal of District Court judgments to Superior Court is governed by statute.
Section 9-12-10 of the Rhode Island General Laws, entitled "Claim of appeal of superior court," in pertinent part provides that a party may appeal a judgment of the District Court by "claiming an appeal from the judgment of the district court, in writing, filed with the clerk of the division within two (2) days exclusive of Saturdays, Sundays, and legal holidays after the judgment is entered . . . ." With respect to the appeal of landlord and tenant matters heard in District Court, G.L. 1956 § 9-12-10.1, entitled "Claim of appeal to superior court in landlord tenant action. — ," mandates, in pertinent part, that a party claim such an appeal "in writing, filed with the clerk of the division within five (5) days after the judgment is entered. . . ." Additionally, Chapter 18.1 of Title 34 applies to commercial leases. Pursuant to G.L. 1956 § 34-18.1-9(4), "Any aggrieved party may appeal to the superior court from a judgment in the district court by claiming such appeal in writing filed with the clerk within forty-eight (48) hours, exclusive of Sundays and legal holidays, after the judgment is entered."
It is well-settled that "[s]ubject matter jurisdiction is an indispensable ingredient of any judicial proceeding, and the absence thereof can be raised . . . by the court sua sponte at any time and can be neither waived nor conferred by consent of the parties," Warwick School Committee v. Warwick Teachers' Union, 613 A.2d 1273, 1276 (R.I. 1992). As in zoning matters wherein the filing of a notice of appeal invokes the jurisdiction of the Superior Court to review a decision of the zoning board, see Mauricio v. Zoning Bd. of Review of City of Pawtucket, 590 A.2d 879 (R.I. 1991), the filing of an appeal from District Court to the Superior Court is jurisdictional. Accordingly, a reviewing court will lack subject matter jurisdiction to decide the appeal if same is filed out of time as prescribed by statute.
See Garganta v. Mobile Village, Inc., 730 A.2d 1 (R.I. 1999) (under the Residential Landlord and Tenant Act, a party who misses the five-day deadline for appeals to Superior Court waives his or her appeal); Considine v. R.I. Department of Transportation, 564 A.2d 1343 (R.I. 1989) (pursuant to the Administrative Procedures Act, the Superior Court lacks jurisdiction to hear an appeal filed more than thirty days after a final, adverse determination); Marcello v. DeFreitas, 407 A.2d 491 (1979) (failure to file an appeal to Superior Court of a District Court judgment two days after its entry results in dismissal of the appeal).
In the instant matter, the two-count complaint alleges a breach of a Lease Agreement to pay rent and monies due on a book account. The plaintiff here, both by complaint and his subsequent admission, is not seeking possession but rather damages for breach of contract, including attorney's fees. Therefore, § 9-12-10, entitled "Claim of appeal of superior court. — " applies.
Judgment was entered for Hathaway in the District Court on December 20, 1999. A stipulation was entered in District Court on December 28, 1999, wherein Gardiner claimed an appeal of the December 20, 1999 judgment. Thereafter, said District Court appeal was filed in Superior Court on December 31, 1999. Although December 25th was a holiday and the 26th was a Sunday, the appeal from the District Court judgment was claimed on December 28, 1999, in excess of two days from the December 20, 1999 judgment. Pursuant to § 9-12-10, the period for claiming the appeal lapsed. As said appeal was untimely, this Court lacks subject matter jurisdiction to hear this appeal.
Accordingly, this appeal is dismissed, and the matter is remanded to the District Court.