DECISION
Before this Court is the appeal of the Plaintiffs, Telly Amarant Konstantinos
Moisiades (Plaintiff) from a decision of the Middletown Zoning Board of Review (Board) denying their application for a special use permit as well as a dimensional variance.
 SUBJECT MATTER JURISDICTION
On appeal, Plaintiff alleges that the decision of the Board was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. G.L. § 45-24-69(d)(5). In applying that statutorily proscribed standard of review, thereby addressing the relative merits of the appeal, this Court must first make a finding that its jurisdiction has been properly invoked pursuant to the mandatory language of §45-24-69(a). The pertinent language of that section provides that appeals to the Superior Court from decisions of zoning boards must be filed "within twenty (20) days after the decision has been recorded and posted in the office of the town clerk." § 45-24-69(a) (emphasis supplied). It has been held that "the [timely] filing of a notice of appeal with the clerk of the Superior Court for the appropriate county is an essential condition precedent to the invoking of the jurisdiction of the Superior Court," Carbone v. Planning Board of Appeal, 702 A.2d 386, 388 (R.I. 1997) (citing Mauricio v. Zoning Board of Review, 590 A.2d 879, 880 (R.I. 1991)), and that "[i]f the condition is not met, the appeal is invalid and the Superior Court has no choice save to dismiss." Mauricio, 590 A.2d at 880.
In light of the applicable law governing the timeliness of appeals from zoning board decisions, this Court must ascertain the precise date on which the decision of the Board was recorded and posted and furthermore, the precise date on which the complaint in the present case was filed with the Superior Court. If the time period between these two separate events exceeds the statutorily proscribed twenty (20) days, this Court has no choice save to dismiss.
In its complaint filed on January 7, 1998, Plaintiff merely states that the decision of the Board was "dated September 29, 1997 and mailed to the [P]laintiff's counsel on December 18, 1997," without alluding to its posting or recordation. Complaint, paragraph 3. Were this Court to conclude that September 29, 1997 was the date of posting and recordation, the present appeal would fail for lack of timeliness. On the other hand, if December 18, 1997 were deemed to be the date of recordation and posting, this Court would have jurisdiction to address the relative merits. Pursuant to Super. R. Civ. P. 9(c), recordation and posting can be "aver[red] generally."[1] Since the mailing of the decision has absolutely no bearing on the timeliness of an appeal to the Superior Court, and since the dating of the Board's decision is conceded to have been on September 29, 1997, the Court construes Plaintiff's averment liberally to mean that the Board's decision was recorded and posted on September 29, 1997.[2]
The complaint in this matter was not filed until January 7, 1998. Consequently, pursuant to the clear statutory mandate, which provides for a twenty (20) day window in which appeals are to be made, this Court lacks subject matter jurisdiction over the present appeal.[3]
Counsel shall prepare the appropriate order after notice.
[1] The Court concludes that Rule 9(c) of the Superior Court Rules of Civil Procedure is "consistent with the nature of an appellate proceeding [and that it thus] may be applied in furtherance of th[e] goal to secure the just, speedy, and inexpensive determination of every action." Carbone, 702 A.2d 386, 389 (R.I. 1997).
[2] Plaintiff has implied in the complaint that the 20 day time period begins to run upon the mailing of the Board's decision. Section 45-24-61(b) of the General Laws provides in pertinent part, "Any decision by the zoning board of review . . . shall be mailed to the applicant. . . ." While this statute certainly mandates the mailing of the Board's decision to the applicant, it does not relate the action of mailing to the issue of timeliness for the filing of a complaint in the Superior Court. Rather, § 45-24-69(a) squarely addresses timeliness as it specifically designates a time period running from the recordation and posting of the Board's decision to the filing of the complaint in Superior Court. Therefore, the specific provisions of § 45-24-69(a) control over the general mailing provision found in § 45-24-61(b). See In Re Doe, 717 A.2d 1129, 1132 (R.I. 1998) (when the task requires the interpretation of different statutory provisions in pari materia, the goal is to construe the laws such that they will harmonize with each other and be consistent with their general objective scope). See also Montaquila v. St. Cyr, 433 A.2d 206, 214 (R.I. 1981) (general terms should be construed as limited by more specific terms). Moreover, §45-24-61(b), while explicitly requiring the mailing of the Board's decision to the applicant, fails to apply to the present case because the Plaintiff has conceded that mailing was effectuated and has not raised that issue before this Court.
[3] This Court notes that it has reservations concerning the timeliness of appeal period as found in § 45-24-69(a). It is strange and confounding to imagine litigants constantly checking the local zoning office to see if their decision has been recorded and posted. This picture becomes even more convoluted when imagining the different methods and locations for "posting," a rather nebulous concept within the statutory language of the statute. Furthermore, it becomes extremely difficult for the Court to accurately determine when the decision of the Board was recorded and posted, especially in light of the fact that the decisions are generally not notarized or accompanied by any seal or affidavit of recordation/posting. Highly probable is the proposition that many litigants may inadvertently miss the time for appeal due to these factors. However, because the constitutional issue of due process was not raised before this Court, the aforementioned problem cannot be addressed on the merits.