[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is Plaintiff Cara Spry's (Plaintiff) appeal from a November 24, 2003 Rhode Island Department of Human Services (Defendant) decision, denying Plaintiff's application for Medical Assistance. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 Facts and Travel
On March 5, 2003, Plaintiff filed an application for Medical Assistance. Upon review of the medical documentation submitted by Plaintiff, the Medical Assistance Review Team found Plaintiff not to be totally or permanently disabled, and thereafter, the Defendant provided Plaintiff written notice of the denial of Medical Assistance, dated May 2, 2003. Plaintiff filed a request for an administrative hearing that was received and date stamped by the Defendant on August 15, 2003 and August 21, 2003. A hearing was held on October 16, 2003, at which Plaintiff was represented by legal counsel.
At the hearing, the Hearing Officer was presented with a DHS-121, Request for Hearing Form, indicating in Section II that the Plaintiff disagrees with the agency decision that she is not disabled, and it was signed by Plaintiff, dated May 8, 2003. Section III indicates that the Defendant received the request for hearing on August 21, 2003, provides the reason of denial, and is signed by Defendant representatives. Both a letter signed by the Plaintiff and the signature line of the DHS-121 are dated May 8, 2003. The Hearing Officer indicated, however, that the Defendant-Agency date-stamps for receipt of the documents were August 15, 2003 and August 21, 2003, respectively. The Hearing Officer further indicated that the request for hearing was made more than 30 days beyond the May 2, 2003 notice of the denial of Medical Assistance.
During the hearing, the Plaintiff did not offer any evidence that she sent the original request for hearing and the letter within 30 days of receipt of the denial notice. The Plaintiff opined that the Agency must have lost the original request.
After hearing testimony regarding the timeliness of the hearing request, the Hearing Officer stated, "Well, we'll listen to the presentation of the case." (See Transcript of October 16, 2003, Administrative Hearing at 5.) The Hearing Officer proceeded to take testimony and evidence regarding the substantive issue of whether the Plaintiff has a disability to be eligible for Medical Assistance.
The Hearing Officer issued a written decision on November 24, 2003, finding that the merits of the case could not be reached because the Plaintiff did not file the hearing request in a timely manner in accordance with the Defendant's Policy. Pursuant to § 42-35-15, Plaintiff, acting pro se, has filed an appeal with this Court.
 Standard of Review
The review of a decision of the Commission by this Court is controlled by § 42-35-15(g), which provides for review of a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry ofMotor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflictof Interest Comm'n, 509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. R.I.Comm'n for Human Rights, 484 A.2d 893, 897 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. (quoting Caswell v. George Sherman Sand Gravel Co.,424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dep't ofEmployment Sec., 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v.Coastal Res. Mgmt. Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. R.I. Pub. Telecomm. Auth. v. R.I. Labor Relations Bd.,650 A.2d 479, 485 (R.I. 1994).
 Evidence before the Board
On appeal Plaintiff argues that the Hearing Officer's denial of Medical Assistance was unfair and inappropriate because she meets all of the medical criteria standards for receiving Medical Assistance. Plaintiff contends that she qualifies as disabled under the five-step sequential inquiry, which a Hearing Officer applies to determine if one is eligible for disability.
In response, Defendant argues that the merits of Plaintiff's application are not at issue. The Defendant notes that Plaintiff failed to timely send the application and letter seeking an appeal, in accordance with G.L. 1956 § 40-8-13 and the provisions of the Rhode Island Department of Human Services Policy Manual.
Section 40-8-13 of the Rhode Island General Laws states the following:
 "The director [of DHS] shall make and promulgate such rules, regulations, and fee schedules not inconsistent with state law and fiscal procedures as he or she deems necessary for the proper administration of this chapter and to carry out the policy and purposes thereof, and to make the department's plan conform to the provisions of the federal Social Security Act, 42 USC § 1396 et seq., and any rules or regulations promulgated pursuant thereto."
Pursuant to § 40-8-13, the Agency has promulgated procedural requirements. Specifically, the Rhode Island Department of Human Services Policy Manual, Section 0110, General Provisions, reads in pertinent part:
 "Definition of an Appeal: A written request by a claimant (or his/her authorized representative) stating that s/he wants an opportunity to present his/her case to a higher authority may be considered an appeal. The appeal must be filed within:
 — Ten (10) days from the date of the Notice of Action if it pertains to General Public Assistance;
 — Ninety (90) days when it concerns Food Stamps; and
 — Thirty (30) days from the date of Notice when it involves other DHS programs."
After reviewing the record and listening to all of the evidence presented by the Plaintiff and the Defendant's representative, the Hearing Officer found that Plaintiff did not make a timely request for an administrative hearing and dismissed the appeal. During the hearing, the Plaintiff testified that she sent the Defendant her original request for an appeal on May 8, 2003, only six days after she was provided with written notice of the denial of Medical Assistance. (See Transcript of October 16, 2003, Administrative Hearing at 4.) However, the Defendant's date-stamps for receipt of the documents are August 15, 2003, and August 21, 2003, respectively, and Plaintiff did not present any evidence demonstrating that the documents were sent within the thirty day time limit. It was Plaintiff's position that the original request had been lost in the mail. (Transcript of October 16, 2003, Administrative Hearing at 2-3.) However, the Defendant had before it evidence of different dates.
The Rhode Island Supreme Court has stated that "[a]ny risk of nondelivery must be borne by the party who seeks the approval." Mauriciov. Zoning Bd. of Review, 590 A.2d 879, 880 (R.I. 1991). It was Plaintiff's responsibility to ensure that the Defendant received and filed her request for an appeal within the thirty day time limit and to send another request for filing within that time limit, if for some reason the original request was not received. See id. The Hearing Officer's findings that Plaintiff failed to do so effectively barred her from appealing the denial of Medical Assistance and deprived the Agency of jurisdiction to rule on the merits of the matter. See id. (stating that "[o]nly the filing sustains the validity of the appeal if made within the required period," and that "[i]f the condition is not met, the appeal is invalid and the Superior Court has no choice save to dismiss. . . .")
After review of the entire record, the Court finds the decision of the Department of Human Services is supported by the reliable, probative, and substantial evidence of record and is not arbitrary or affected by error of law. Substantial rights of the Appellant have not been prejudiced. Accordingly, the decision of the Department of Human Services for the State of Rhode Island is hereby affirmed.
Counsel shall prepare the appropriate judgment for entry.