DECISION
This matter is before the Court on Karen McAninch ("McAninch") and the United Service and Allied Workers of Rhode Island's (collectively, "Appellants") appeal from a final administrative decision ("Decision") of the Rhode Island Department of Labor and Training ("Department" or "DLT"). Appellants seek reversal of the decision denying the request for vacation wages that Appellants allege is owed by the Providence Public Library ("PPL" or "Appellee"). Jurisdiction in this Superior Court is pursuant to G.L. 1956 § 42-35-15.
 I Facts and Travel
McAninch is the Business Agent of the United Service and Allied Workers of Rhode Island. As the union's Business Agent, McAninch represents all employees covered by the *Page 2 
PPL's Collective Bargaining Agreement ("CBA"). Appellant United Service and Allied Workers of Rhode Island is a labor organization representing the individuals formerly employed by the PPL. Appellees include the PPL and the Department of Labor and Training, an administrative agency that issued the decision on appeal. The PPL's vacation policy for union employees is governed by the CBA, and the vacation policy for non-union employees is included in the Employee Manual. The CBA and Employee Manual are similar with regard to accrual vacation.
On June 30, 2009, one day before the end of the PPL's fiscal year, the PPL terminated the employment of thirty-eight union and eight non-union employees. On July 9, 2009, Appellant McAninch filed a complaint with the Department's Division of Labor Standards on behalf of the former employees against the PPL. The complaint alleged that the employees accrued vacation pay that was due at the time of their separation, totaling $149,482.82, and that these wages were not paid. Specifically, Appellant McAninch alleged that each employee accrued vacation leave for having worked the prior fiscal year and that there was no requirement for employees to be present on July 1 to be awarded vacation leave. The PPL alleged that the employees were not paid because they were terminated June 30, 2009, which occurred before the vacation accrued on July 1, 2009.
On July 8, 2010, a hearing was conducted by Hearing Officer Valentino D. Lombardi ("Hearing Officer"). The Hearing Officer addressed three preliminary issues, including (1) whether the Department of Labor and Training had jurisdiction to rule on this matter when there was a CBA and Employee Handbook establishing the method for calculating vacation wages; (2) whether a union Business Agent could file a complaint on behalf of both union and non-union *Page 3 
members; and (3) whether the employees were required to follow the grievance procedure set forth in the CBA and Employee Handbook in claiming their vacation wages.
The Hearing Officer held the Department of Labor and Training had jurisdiction to hear matters regarding unpaid wages upon separation from employment. He also held that the union Business Agent could include non-union members in a claim, pursuant to G.L. § 28-14-19(c). Third, the Hearing Officer held that the employees were not limited to the remedies provided under a CBA and Employee Handbook as long as they were employed for one year.
Finally, the Hearing Officer addressed the issue of whether the former employees were entitled to vacation wages from their last year of employment. Based on the evidence presented, the Hearing Officer concluded that the vacation wages should be not awarded. For the union members, the Hearing Officer based the conclusion to deny vacation wages on the CBA. He noted that vacation time does not accrue because the former employees were not employed on July 1, and vacation does not accrue until the date it is awarded. The Hearing Officer held that a union employee accrues and is awarded vacation earned during the past fiscal year, which ended on June 30, on July 1. Similarly for non-union members, the Hearing Officer held the Employee Handbook provides that a non-union employee does not accrue vacation until the date it is able to be awarded, which was July 1 of any given year. Ultimately, the Hearing Officer found that if a union or non-union member is not employed on July 1, their vacation is neither accrued nor awarded.
The Hearing Officer's decision was mailed to Appellants on September 9, 2010. Appellants filed identical untimely appeals in this Superior Court: No. PC-2010-5899 on October 12, 2010 and No. PC 10-5950 on October 13, 2010. Both complaints contested the same DLT decision from September 9, 2010. On November 19, 2010, Appellants McAninch and United *Page 4 
Service and Allied Workers of Rhode Island filed a motion to consolidate both cases, which was granted on December 20, 2010, Order, Fortunato, J. The petition before the Court is Appellants' Motion to Vacate the agency decision.
 II Analysis
At the outset, the Court will address the issue of subject matter jurisdiction. Subject matter jurisdiction can be raisedsua sponte by the court at any time. Warwick SchoolCommittee v. Warwick Teachers' Union,613 A.2d 1273, 1276 (R.I. 1992). It cannot be waived by the parties.Id. Subject matter jurisdiction refers to a court's power to hear and decide a particular case and is an indispensable ingredient of any judicial proceeding. See George v. Infantolino,446 A.2d 757, 759 (R.I. 1982). If an administrative appeal is untimely filed, the Court lacks subject matter jurisdiction.See Sec. 8-2-17 ("The superior court shall have jurisdiction of such appeals and statutory proceedings as may be provided by law."); secs. 42-35-15(a) (b) (aggrieved persons are entitled to judicial review instituted "within thirty (30) days after mailing notice of the final decision of the agency"); seealso Great American Nursing Centers, Inc. v. Norberg,439 A.2d 249, 253 (R.I. 1981) ("[F]ailure . . . to comply with the Administrative Procedures Act provision requiring appeals to be brought within thirty days . . . precluded relief.") "No action of the parties can confer subject-matter jurisdiction upon a . . . court." Sidell v. Sidell, 18 A.3d 499, 507 (R.I. 2011) (citingInsurance Corp. of Ireland, Ltd., 456 U.S. 694, 702 (1982)).
Under the Administrative Procedures Act ("APA"), § 45-32-1 et. seq., an appeal from an agency's final decision is properly brought under § 42-35-15. SeeBarrington Sch. Comm. v. State Labor Relations Bd.,608 A.2d 1126, 1130-33 (R.I. 1992). The time requirement under the *Page 5 
APA is governed by § 42-35-15(b). Specifically, § 42-35-15(b) provides that the persons who seek review of an administrative decision must file a complaint in the Superior Court "within thirty days after mailing notice of the final decision of the agency."
Administrative appeals, such as this, are appellate in nature and are not considered civil actions. Mauricio v. Zoning Board ofReview, 590 A.2d 879, 880 (R.I. 1991); see BlackstonePark Improvement Assoc. v. State Board of Standards andAppeals, 448 A.2d 1233, 1241 n. 6 (R.I. 1982); Notre DameCemetery v. Labor Relations Board,118 R.I. 336, 339, 373 A.2d 1194, 1196 (1977). Cf.Bassi v. Zoning Board of Review,107 R.I. 703, 705, 271 A.2d 210, 212 (1970). However, "[a]n appeal from a zoning board or other similar agency . . . is a civil procedure as contemplated by Rule 1 of the Superior Court Rules of Civil Procedure, subject to Rule 80 which deals with review of administrative agency decisions and orders." Carbone v. PlanningBd. of Appeal of Town of South Kingstown,702 A.2d 386, 388 (R.I. 1997) (emphasis added). According to Rule 80(c), "[the] rules [of civil procedure], so far as they are applicable, shall govern the review proceedings." Super. R. Civ. P., Rule 80; see Carbone, 702 A.2d at 388.
With regard to filing an appeal from an administrative agency decision, our Supreme Court has previously determined that Rule 3 of the Superior Court Rules of Civil Procedure, regarding the commencement of a civil action by filing a complaint, does not apply to administrative agency appeals. Mauricio, 590 at 880. Rather, the Supreme Court has held that the appellate procedure required to appeal an administrative agency decision to the Superior Court is analogous to the appellate procedure required to appeal a trial court judgment or decision to the Superior Court, which is governed by Article 1, Rule 4, of the Supreme Court Rules of Appellate Procedure. R.I. Sup. Ct. R. App. P. Art. I. R. 4. Rule 4 of the Supreme Court Rules of Appellate Procedure provides the time limitation to file a notice of appeal with the trial *Page 6 
court: within twenty days of the entry of the judgment, order, or decree. See Mauricio, 590 A.2d at 880. The time period of twenty days for timely filing notice under Rule 4(a) of the Supreme Court Rules of Appellate Procedure is mandatory.Title Investment Co. of America v. Fowler, 504 A.2d 1010 (R.I. 1986). With respect to this mandatory appellate time frame, our Supreme Court clarified that the statute "does not give any room for interpretation. It must be complied with in accordance with its terms. These terms require a filing within twenty days, not a mailing." Mauricio, 590 A.2d at 880. This mandatory time frame also applies to administrative agency appeals. SeeCarbone, 702 A.2d at 388. Accordingly, the computation of time for an appeal of an administrative agency is thirty days from the mailing of notice of the final agency decision. As such, Rule 6 of the Rhode Island Rules of Civil Procedure — which extends the last day in computing any time period to the next day which is neither a Saturday, Sunday, nor holiday — is not applicable and does not govern the review proceedings for an administrative appeal.[1]
In addition, unlike Rule 4 of the Supreme Court Rules of Appellate Procedure, § 42-35-15 does not provide for an extension of time for "excusable neglect." See Sec. 42-35-15; Mauricio,590 A.2d at 880. Our Supreme Court has clarified that despite the Supreme Court's mandatory time limitation, an extension thereof is permitted by the trial justice "upon a showing of excusable neglect," but "no such extension is permitted in an appeal from a decision of a zoning board." Mauricio,590 A.2d at 880 (holding that there is no extension permitted in the statute providing for an appeal from a zoning board decision). Having discussed the *Page 7 
applicability of the Rules of Civil Procedure to "an appeal from a zoning board or other similar agency" in Carbone,702 A.2d at 388, our Supreme Court made clear that the mandatory time limitation without an extension for excusable neglect applies to both zoning board and agency appeals.
The Rhode Island Supreme Court has uniformly held that "statutes prescribing the time and manner of procedure to be followed by a litigant in securing a review of his case in the appellate courts are to be strictly enforced." Metcalf v. Interstate TransitCorp., 61 R.I. 486, 487, 2 A.2d 73, 73-74 (1938). When the language of a statute is "unambiguous and expresses a clear and sensible meaning, there is no need for statutory construction or the use of interpretive aids." Mauricio, 590 A.2d at 880. Here, the statute is clear and unambiguous. See id. (where, in the context of an administrative zoning appeal, the Superior Court held § 45-24-20 was plain and unambiguous, which provides that an appeal of a zoning board decision must be filed within twenty days). The Appellant is required to file the complaint in the Superior Court within thirty (30) days after the mailing of notice of the final decision of the agency to the Appellant. The record reveals that the Hearing Officer certified that a copy of the Department's decision was mailed to Appellant's counsel of record on September 9, 2010. Under § 45-32-15(b), Appellant had until October 9, 2010 to file a timely appeal. The Appellant filed the complaint appealing the matter on October 12, 2010 for No. PC-2010-5899 and October 13, 2010 for No. PC 10-5950. The time for which to file the appeal had expired.
The filing of the appeal is a condition precedent to the Superior Court invoking its jurisdiction. See Mauricio,590 A.2d at 880 ("[T]he filing of a notice of appeal is asine qua non in order to invoke the jurisdiction of the Supreme Court for appellant purposes.") In the event that the condition is not met, the appeal is null and void. Since the thirty (30) day filing time is a *Page 8 sine qua non to invoking the jurisdiction of this Court, and since Appellant's filing was not timely, this Court lacks subject matter jurisdiction over this matter. SeeMauricio, 590 A.2d at 880; Wood, Director v. Department ofEnvironmental Management, 525 A.2d 901 (R.I. 1987); EastGreenwich Yacht Club v. Coastal Resources Management Council,118 R.I. 559, 567-68, 376 A.2d 682, 686-87 (1977).
 Conclusion
Appellant's appeal is dismissed due to lack of jurisdiction, the appeal time having expired prior to the filing of the complaint. Accordingly, this Court lacks the authority to review the decision of the Department, and this appeal is dismissed. Counsel shall submit the appropriate order for entry.
[1] The relevant portion of Rule 6 of the Rhode Island Rules of Civil Procedure provides, "[i]n computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday, nor a holiday." Super. R. Civ. P., Rule 6. *Page 1