Bertha Metcalf *vs.* Interstate Transit Corp.

OCTOBER 28, 1938.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Per Curiam. This case is before us upon the defendant's motion to establish the truth of its exception. In the superior court the trial justice denied the defendant's motion for a directed verdict and to this ruling the defendant duly excepted. Thereupon the case was submitted to the jury, which was unable to agree upon a verdict. Following the jury's disagreement, the defendant's bill of exceptions was not allowed by the trial justice, but it seeks now to establish the truth of its exception to the ruling of the trial justice, denying its motion for a directed verdict.

Counsel for the defendant contends substantially that, if the statute permits the prosecution, by a defendant after a jury has brought in a verdict against it, of an exception to the trial justice's denial of a motion to direct a verdict, such proceeding should also be permitted, for a stronger reason, to a defendant after the jury has been unable to agree upon any verdict.

This contention might well be given considerable weight by us, if we were drafting legislation instead of merely interpreting and applying it. The prosecution of exceptions to this court is governed by the provisions of general laws

1923, chapter 348, and we have uniformly held that statutes prescribing the time and manner of procedure to be followed by a litigant in securing a review of his case in the appellate court are to be strictly construed. *Giguere* v. *LaPointe,* 56 R. I. 475; *Fisher* v. *Sun Underwriters Ins. Co.,* 55 R. I. 175, 184; *Pawtucket Cabinet Co.* v. *Peoples Excursion Line, Inc.,* 45 R. I. 426.

Thus construing the chapter mentioned, we are of the opinion that it makes procedure by a bill of exceptions available to a litigant only if begun within seven days after a verdict or a final decision has been rendered against him. A disagreement by a jury is neither a verdict nor a final decision, and therefore this chapter does not permit procedure by bill of exceptions to be begun, within the time limited, after such disagreement. Moreover, we find no other statutory provision which does permit it.

The established practice of this court, as illustrated in the cases, *supra,* and in *Mangano* v. *Bomes,* October 5, 1928 and *Mailloux* v. *Ashton,* May 16, 1932, has been in accordance with the view above expressed. In each of these last two cases, which are unreported, the question before this court was identical with that which is presented in the instant case and it was held that the truth of the exception could not be established in this court.

Counsel for the defendant, in support of his contention, cites the case of *McEnaney* v. *Reilley,* 46 R. I. 310. In that case the trial justice had allowed a bill of exceptions filed after a disagreement of the jury and apparently the propriety of its allowance was in no way raised in this court. Counsel for the defendant in the instant case admits that the question now before us was not briefed in the *McEnaney* case and that apparently it was neither argued nor brought to the attention of the court. In view of this admitted fact and the decisions in later cases, as above referred to, wherein the identical question was raised and passed upon, the

*McEnaney* case is not to be considered as authority for the defendant's contention.

For the reasons stated, the truth of the defendant's exception is not established, and the case is remitted to the superior court for further proceedings.

*R. DeBlois LaBrosse,* for plaintiff.

*William A. Gunning,* for defendant.