William P. CONSIDINE III

v.

**RHODE ISLAND DEPARTMENT OF TRANSPORTATION et al.**

No. 88–323–M.P.

Supreme Court of Rhode Island.

Oct. 19, 1989.

Thomas R. DeSimone, Dettore, DeSimone & Marsella, Deeb G. Sarkas, Providence, for plaintiff.

Thomas E. Jackvony, Dept. of Transp., Providence, for defendant.

## OPINION

KELLEHER, Justice.

Acting pursuant to G.L.1956 (1988 Reenactment) § 42–35–16, we have issued a statutory writ of certiorari to review an order entered in the District Court granting William P. Considine III (Considine) a stay of an administrative order of the Rhode Island Department of Transportation (DOT) suspending Considine's operator's license.

The record indicates that in early March 1987 Considine was charged with driving on the highways of the State of New Hampshire while under the influence of liquor. Subsequently Considine's right to operate a motor vehicle on New Hampshire highways was suspended for a period beginning March 24, 1987 and ending June 27, 1987. In late September 1987 Considine was sent a "Notice of Action" by the Rhode Island DOT Division of Motor Vehicles informing him that his Rhode Island license was being suspended for a period of one year pursuant to G.L.1956 (1982 Reenactment) § 31–27–2.3(B), as amended by P.L.1982, ch. 326, § 1 and § 31–27–2.1(a)(2), as amended by P.L.1986, ch. 508, § 1 because of his refusal to take the breathalyzer test in New Hampshire. Because of G.L.1956 (1982 Reenactment) § 31–11–3 and § 31–11–7(a)(7), as amended by P.L. 1986, ch. 494, § 3, the DOT may suspend the operator's license of a resident of this state when that resident has been convicted in another state of an offense that would be grounds for suspension of an operator's license here. This was Considine's second alcohol-related offense within the past five years preceding the New Hampshire charge. Consequently, under § 31–27–2.1(a)(2), suspension of the operator's license for a period of one to two years was mandatory. The DOT suspension order became effective on October 5, 1987. Considine did not request an administratve hearing within the ten-day limitation period prescribed on the DOT "Notice of Action."

In March 1988 Considine appeared on two occasions at the "operator control" section of the Motor Vehicles Division to discuss reinstatement of his license. A month later his attorney met with personnel of the "operator control" section and on May 6, 1988, seven months after his license suspension became effective, Considine requested an administrative hearing. This request was denied on May 10, 1988, on the ground that it had been filed out of time.

Subsequently, on June 28, 1988, Considine appealed to the District Court to request a stay of the administrative decision, and he asked the court to reinstate his license. The stay was granted and after an in-chambers hearing, Considine's operator's license was reinstated. At this point the DOT sought review with this court.

■ This controversy is governed by the Administrative Procedures Act (the act). Since the Department of Transportation is not expressly exempted from the act pursuant to G.L.1956 (1988 Reenactment) § 42–35–18, the Registry of Motor Vehicles is subject to all of the provisions contained therein. *See Costa v. Registrar of Motor Vehicles*, 543 A.2d 1307 (R.I.1988), where this court entertained an appeal by the Registrar of Motor Vehicles pursuant to the provisions of the Administrative Procedures Act. Section 42–35–15, entitled "Judicial review of contested cases" provides, in pertinent part, as follows:

"(b) Proceedings for review are instituted by filing a complaint in the superior court of Providence County or in the superior court in the county in which the cause of action arose, or where expressly provided by the general laws in the sixth division of the district court or family court of Providence County, within thirty (30) days after mailing notice of the final decision of the agency or, if a rehearing is requested, within thirty (30) days after the decision thereon * * *."

Section 42–35–15.1, entitled "Manner of taking appeals from administrative agencies," provides that:

"(a) Appeals from decisions by administrative agencies of the state or officers thereof shall be taken to the superior court or to the district court as provided by the general laws in respect to each agency, provided, however, the time limits for the taking of steps necessary to perfect the appeal to the superior court or the district court shall be governed by the provisions of § 42–35–15, any provisions in the general laws to the contrary notwithstanding."

■ Considine should have filed his appeal in the District Court within thirty days of the order issued on September 24, 1987. He did not do so. Even if we consider the order as having been finalized on May 10, 1988, the date upon which the belated request for an administrative hearing was denied, Considine's appeal to the District Court was still filed out of time. In fact, a period of forty-nine days had elapsed between the denial and the filing of Considine's appeal. It is obvious that Considine's appeal was filed out of time and the District Court does not possess any statutory authority to entertain appeals that are filed out of time.[1]

It should be noted that any apparent conflict between § 42–35–15 of the Administrative Procedures Act and G.L.1956 (1982 Reenactment) § 31–2–19 of the Registry of Motor Vehicles Act has been previously dealt with by this court in *Herald Press, Inc. v. Norberg*, 122 R.I. 264, 405 A.2d 1171 (1979). Therein we stated that it was the intent of the Legislature when adopting § 42–35–15 to provide one uniform method and time schedule for the purpose of taking an administrative appeal in a contested case, excluding only the decisions of specifically exempted agencies. *Herald Press*, 122 R.I. at 270–271, 405 A.2d at 1175–76. The adoption of § 42–35–15.1, cited above in full, served to eliminate any uncertainty that may have been created by the reenactment of statutes in 1976.

Parenthetically, it should also be noted that there is no written memorandum

---

1. The applicable statute governing appeals taken out of time is found in G.L.1956 (1985 Reenactment) § 9–21–6 which provides:

"When any person is aggrieved by an order, decree, decision or judgment of the district court or of any probate court or town council from which an appeal or other review is available in the superior court and from accident, mistake, unforeseen cause, excusable neglect has failed to claim his appeal, the superior court, if it appears that justice so requires, may, upon petition filed within ninety (90) days after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted upon such terms and conditions as the court may prescribe."

which would inform us as to the District Court's rationale. Since the District Court proceeding was in-camera, the trial justice's determination cannot be reviewed.

Accordingly, the petition for certiorari is granted, and the judgment of the District Court is quashed. The record is remanded to the District Court with our decision endorsed thereon.