DECISION
This is an appeal from a final decision of the Board of Certification of Social Workers (Board) within the Department of Human Services dated December 13, 1993. Jurisdiction in this Superior Court is pursuant to § 42-35-15 and § 42-35-15.1
R.I.G.L.
The case file, and certified record from the defendant Board discloses that the appeal in this case was filed out of time and this Superior Court is without jurisdiction to entertain same.Considine v. Rhode Island Department of Transportation, etal, 564 A.2d 1343, 1344 (R.I. 1989).
Section 42-35-15 and § 42-35-15.1 R.I.G.L. specifically and clearly sets out that an appeal, or proceeding for review of an administrative agency decision is instituted by the filing of acomplaint in the appropriate Superior or District Court within thirty (30) days after the mailing of notice of the final decision by the agency, or within thirty (30) days after the mailing of notice of the final decision after any requested rehearing.
In this case, the defendant Board entered its final decision on December 3, 1993 and mailed it by certified mail to the plaintiff on that date. The return certified mail receipt shows that the plaintiff received same on December 4, 1993. Thereafter, the plaintiff requested a rehearing and on December 13, 1993 the Board sent its final decision thereon to the plaintiff, once again by certified mail, and the return receipt of that certified mailing shows that plaintiff received that final decision on December 15, 1993. Thereafter, on January 12, 1994, the plaintiff filed in the Clerk's Office in this Superior Court a civil case cover sheet, but no complaint. Forty four (44) days later on February 25, 1994 plaintiff, for the first time, filed his complaint in this case. Counsel for the defendant Board filed a special entry of appearance contesting jurisdiction on the ground that proper service of the complaint had not been made upon the Board. A motion to dismiss the plaintiff's appeal accompanied the special appearance entry. Thereafter, the motion came on to be heard by the Motion Calendar Justice and was denied. In the Order denying the motion to dismiss, the plaintiff was given thirty days within which to effectuate service upon the defendant Board. Service on the Board members was made on the last two days of the extended time for service. For some unexpected reason, however, no one seemed to have noticed that the statutory 30 day appeal time for the filing of a complaint had not been complied with and that accordingly the Court had no jurisdiction over the motion matters it was hearing and considering.
Section 42-35-15 clearly provides that "proceedings for review are instituted by filing a complaint in the Superior Court. No complaint was ever filed in this case until February 25, 1994 which was sixty-six (66) days after the plaintiff received the final rehearing decision from the defendant Board. The mere filing by the plaintiff of a civil case cover sheet
without any complaint does not constitute compliance with the clear jurisdictional language of § 42-35-15. In fact, the Civil case cover sheet specifically notes at the very top of the form that:
 "This form must be filed with each original document that commences a civil proceeding in the Clerk's Office."
 Rule 3, Superior Court Rules of Civil Procedure states that a civil action is commenced in one of three ways; (1) by the filing of a complaint with the Court; (2) by depositing acomplaint with the filing fee in the mail addressed to the clerk or (3) by delivery of a summons and complaint to an officer for service. In all three methods, as well as by statutory requirement (§ 42-35-15), a complaint must be filed. A civil case cover sheet is nothing more than an identification of what type of action is intended by the litigant, and is not a complaint and was never intended to be a complaint or to be used as a substitute for a complaint.
Accordingly, this case is dismissed for lack of jurisdiction. This Court "does not possess any statutory authority toentertain appeals that are filed out of time." Considine v.Rhode Island Department of Transportation, et al 564 A.2d 1343
at 1344 (R.I. 1989).
It should be noted, by way of addendum, that it is unfortunate that the elementary jurisdictional defect in this case was not noticed earlier and the delay and inconvenience to all parties avoided.