Yvette M. PINA and Richard E. Pina

v.

Alfredo DOS ANJOS, President, Pride Hyundai, Inc.

No. 99–323–Appeal.

Supreme Court of Rhode Island.

May 19, 2000.

Richard E. Pina, Yvette M. Pina, pro se.

William O. Monahan, Boston, MA, John Skinner.

## ORDER

The plaintiffs, Yvette M. Pina (Mrs. Pina) and Richard E. Pina (Mr. Pina), appealed pro se from the entry of a summary judgment in favor of the defendant, Alfredo Dos Anjos (Dos Anjos), President, Pride Hyundai, Inc.

The plaintiffs purchased a 1997 Hyundai Elantra from Pride Hyundai, Inc. (Pride), on February 6, 1997. On November 14, 1997, Mrs. Pina filed an administrative complaint against Pride with the Rhode Island Dealers' License & Regulations Office of the Division of Motor Vehicles, alleging that the vehicle she received was not the same vehicle she was shown at the time of purchase. It was her contention that the automobile she purchased had less mileage than the one she received.

A hearing was held before the Rhode Island Dealers' Hearing Board (board) on March 12, 1998, and on March 13, 1998, the board ruled in favor of Pride, based upon the fact that Mrs. Pina did not establish that the dealer had sold her a used vehicle. Mrs. Pina appealed the decision of the board to the director of the Department of Administration, and on April 6, 1998, the administrator of adjudication rendered a written decision confirming the decision of the board. Thereafter, Mrs. Pina filed the instant action on May 19, 1998, alleging that defendant committed fraud based upon her assertion that she did not receive the same vehicle she purchased from defendant. On January 9, 1999, Mr. Pina was allowed to intervene.

The defendant filed a motion for summary judgment and, in an accompanying memorandum, set forth numerous grounds for granting the summary judgment, arguing that Dos Anjos, as an officer of Pride, should not be subjected to liability unless it can be shown that he participated in or directed an act related to the sale of plaintiffs' vehicle. The defendant also argued that plaintiffs' complaint was barred by the applicable statute of limitations and by the doctrines of collateral estoppel and res judicata. The motion was granted, and on May 21, 1999, an order was entered that read in pertinent part:

"This matter came on to be heard * * * on the defendant's motion for summary judgment pursuant to Rule 56 and after

hearing an argument thereon it is hereby

ORDERED, JUDGED AND DECREED, That the Defendant's Motion for Judgment is granted and this matter is hereby dismissed with prejudice.

Judgment enters for Defendant."

No transcript of the hearing was ordered.

In this case, the plaintiffs' complaint and all their subsequent documents denominated "Alfredo Dos Anjos, President of Pride Hyundai, Inc.", as defendant. Nowhere in the record was Pride separately named as a party defendant, although plaintiffs continually referred to Pride as if it were a party defendant in this case. The plaintiffs, in a letter to defendant's attorney of record, claimed, however, that they were "not suing Mr. Dos Anjos" but stated that their "complaint is against Pride Hyundai." However, the complete absence of evidence that Dos Anjos participated in the sale of this vehicle justified the grant of summary judgment.

Even if plaintiffs had properly named Pride as a party defendant in this case, their action against that defendant would be barred in that plaintiffs failed to file a timely appeal from the decision of the board, an action governed by the Administrative Procedures Act, G.L.1956 (1993 Reenactment) § 42–35–15. The plaintiffs were required to appeal from the decision of the administrator of adjudication within 30 days of the decision rendered on April 6, 1998. The complaint, however, was not filed until May 19, 1998—some 43 days after the decision of the administrator was rendered. Therefore, plaintiffs' complaint against Pride was not timely filed pursuant to the Administrative Procedures Act. Thus, the administrative decision was final and binding on the parties.

This Court reviews the granting of a motion for summary judgment on a de novo basis, applying the same criteria as the lower court. *Mallane v. Holyoke Mutual Insurance Company in Salem,* 658 A.2d 18, 19–20 (R.I.1995). Only when a review of the evidence in the light most favorable to the nonmoving party reveals that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law will this Court uphold the trial justice's order granting summary judgment. *See Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996). Furthermore, a "litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions." *Manning Auto Parts, Inc. v. Souza,* 591 A.2d 34, 35 (R.I. 1991).

On appeal plaintiffs suggested that there were genuine issues of material fact in dispute and therefore that the trial justice erred in granting summary judgment. They argued that the question of whether the car they received was the one they purchased created a genuine issue of material fact.

With respect to Dos Anjos, there was no evidence presented in this case to demonstrate that he participated in any manner in the sale of the car to plaintiffs. Hence, summary judgment was appropriate. Because plaintiffs did not order a transcript, however, it is not possible for this Court to determine the basis on which the trial justice granted the summary judgment. The plaintiffs, in any case, have failed to raise any genuine issue of material fact or to dispute any of defendant's claims, except by a very general denial in their objection to defendant's motion.

In conclusion, therefore, we deny and dismiss the plaintiffs' appeal and affirm the judgment of the Superior Court to

which the papers in the case may be remanded.