DECISION
This action comes before the Court on Bristol County Water Authority's (BCWA) appeal of the Rhode Island State Labor Relations Board's (the Board) decision of December 13, 2001. BCWA did not file a complaint in the Superior Court until February 20, 2002, which was well over the thirty day period for filing an appeal allowed under G.L. 1956 §42-35-15(b). The record is devoid of evidence concerning the date that the Board mailed its decision to BCWA.
Since under the Administrative Procedures Act (APA) this Court lacks subject matter jurisdiction over untimely filed appeals, the case is remanded to the Board to determine the date of mailing notice.
 Facts and Travel
The Board issued a decision on December 13, 2001, regarding a dispute between the BCWA and the Teamsters Local Union No. 251 (the Teamsters) over whether certain BCWA employees were eligible to engage in the collective bargaining process. The Board ruled in favor of the Teamsters. On February 20, 2002, the BCWA filed a complaint in Superior Court pursuant to § 42-35-15(b), naming both the Board and the Teamsters as defendants. BCWA's complaint sought not only reversal of the Board's position regarding all of the interested employees, but also sought to have an election that was held during the pendency of an unfair labor practice charge overturned.
On April 18, 2002, the Teamsters moved pursuant to Super. R.Civ.P. 12(b)(6) to dismiss the appeal based on the fact that it was untimely. On September 13, 2002, however, the Teamsters and BCWA entered into a stipulation whereby the Teamsters agreed to withdraw its motion to dismiss in exchange for BCWA agreeing not to pursue, inter alia, the issue of the timing of the election relative to the pending unfair labor practice charge.
For the reasons discussed below, however, it cannot be determined from the record whether this appeal is properly before this Court.
 Timeliness and Jurisdiction
Under the APA, an appeal from a decision of the Board is properly brought pursuant to § 42-35-15(b). See Barrington Sch. Comm. v. RhodeIsland State Labor Relations Bd., 608 A.2d 1126, 1130-33 (R.I. 1992). Under § 42-35-15(b):
 "Proceedings for review are instituted by filing a complaint in the superior court of Providence County or in the superior court in the county in which the cause of action arose, or where expressly provided by the general laws in the sixth division of the district court or family court of Providence County, within thirty (30) days after mailing notice of the final decision of the agency. . ."
On its face, BCWA's complaint is untimely because it was filed over sixty days after the Board's decision was issued. There is no evidence in the record before this Court regarding the date of mailing notice, which is of consequence under § 42-35-15(b).
Putting aside the issue of mailing notice for the moment, the Teamsters raised the issue of the untimely appeal in a motion to dismiss. Even though the Teamsters later agreed in a stipulation to withdraw the motion, the issue of subject matter jurisdiction is still clearly before this Court. Moreover, "[i]t is an axiomatic rule of civil procedure that such a claim may not be waived by any party and may be raised at any time in the proceedings." Pine v. Clark, 636 A.2d 1319, 1321 (R.I. 1994); seealso La Petite Auberge, Inc. v. Rhode Island Comm'n for Human Rts.,419 A.2d 274, 279 (R.I. 1980) (stating that "lack of subject matter jurisdiction may not be waived and may never be cured by agreement of the parties.")
In Considine v. Rhode Island Dep't of Transp., the Rhode Island Supreme Court reviewed an APA appeal that was filed in the District Court forty-nine days after the agency issued its order. 564 A.2d 1343, 1344 (R.I. 1989). In quashing the judgment of the District Court, the Supreme Court stated that "the District Court does not possess any statutory authority to entertain appeals that are filed out of time." Id. (Footnote omitted.) In Great American Nursing Centers, Inc. v. Norberg, the Rhode Island Supreme Court reviewed the District Court's dismissal of a taxpayer's appeal as untimely. 439 A.2d 249 (R.I. 1981). In affirming the dismissal of the appeal, the Supreme Court stated that "the failure of the taxpayers to comply with the Administrative Procedures Act provision requiring appeals to be brought within thirty days of the tax administrator's decision precluded relief in the District Court." Id. at 253.
In Mullen v. Rhode Island Dep't of Human Serv., the plaintiff appealed from a decision of the Department of Human Services to this Court. C.A. No. WC95-0198, 1997 R.I. Super. LEXIS 95 (filed Dec. 24, 1997). Noting that the appeal was filed over fifty days after the agency's decision was issued, this Court held "that the plaintiff's motion for review of the remanded decision is untimely and is insufficient to invoke the jurisdiction of this Court." Id.
In Pride Hyundai, Inc. v. Motor Vehicle Dealers Licensing and HearingBd., this Court remanded the case, which was an APA appeal brought pursuant to § 42-35-15(b), to the Director of the Department of Administration to determine the date of mailing notice. C.A. No. PC97-3533, 1999 R.I. Super. LEXIS 99 (filed May 19, 1999). In Pride, the plaintiff filed its complaint fifty-six days after the agency issued its final order. The Court held that "the mailing date of the Director's final decision will dictate whether this Court possesses subject matter jurisdiction." Id. The Court further stated that "subject matter jurisdiction is an indispensable ingredient of any judicial proceeding, and the absence thereof can be raised . . . by the court sua sponte at any time and can be neither waived nor conferred by consent of the parties." Id. (quoting Warwick School Comm. v. Warwick Teacher's Union,613 A.2d 1273, 1276 (R.I. 1992)).
In Classic Car and Van Sales, Inc. v. State of Rhode Island, this Court dealt with an appeal taken pursuant to § 42-35-15(b) that was filed thirty-one days after the agency had issued its final order. C.A. No. 99-0873, 2000 R.I. Super LEXIS 49 (filed June 2, 2000). As Justice Sheehan noted, "the parties' failure to question this Court's subject matter jurisdiction is of no consequence. However, the fact that the Superior Court has no subject matter jurisdiction over untimely filed administrative appeals is of consequence." Id. Like the case at bar, the date of mailing notice was unknown in Classic, thus the case was remanded to the Director of the Department of Administration to determine said date.
Regarding appeals filed outside the ambit of the APA, the Rhode Island Supreme Court "has [also] uniformly held that statutes prescribing the time and manner of procedure to be followed by a litigant in securing a review of his case in the appellate court are to be strictly enforced."Metcalf v. Interstate Transit Corp., 61 R.I. 486, 487, 2 A.2d 73, 73-74 (1938). In Mauricio v. Zoning Bd. of Rev., the Rhode Island Supreme Court affirmed this Court's dismissal of the plaintiff's untimely appeal from a decision of the Pawtucket Zoning Board. 590 A.2d 879 (R.I. 1991). The Supreme Court stated:
 "The statute must be applied literally by giving the words their plain and ordinary meaning . . . It must be complied with in accordance with its terms. . .
 . . .
 As the filing of a notice of appeal is a sine qua non in order to invoke the jurisdiction of the Supreme Court for appellate purposes, the filing of a notice of appeal with the Superior Court for the appropriate county is an essential condition precedent to the invoking of the jurisdiction of the Superior Court to review a decision of a zoning board . . . Only the filing sustains the validity of the appeal if made within the required period."
Id. at 880. Likewise, in In re Estate of Stanley E. Speight, the Rhode Island Supreme Court stated that:
 "This Court has unequivocally held that the time for taking an appeal from an order or decree of the Probate Court begins to run from the time the decree is entered. Pursuant to § 33-23-1(1), an aggrieved party must file an appeal within the twenty days after execution of the order or decree. In construing this statute, this Court has repeatedly held that `this statute is jurisdictional and failure to proceed within the time prescribed cannot be waived, . . . nor can it be overlooked by a sympathetic trial justice.'"
739 A.2d 229, 231(R.I. 1999). In Mitchell v. Mitchell, the Supreme Court stated that the twenty day period for timely filing notice of appeal under Supreme Court Rule 4(a) is mandatory and that, as a result of the untimely filing, the Court was precluded from considering the case on the merits. 522 A.2d 219, 220 (R.I. 1987).
As the preceding makes clear, this Court lacks jurisdiction over untimely filed APA appeals. The fact that the parties have agreed not to press the issue is of no consequence.
 Conclusion
This Court lacks jurisdiction over untimely filed APA appeals. Here, in relation to the date the Board's decision was filed, the BCWA filed its complaint well past the thirty day appeals period set out in §42-35-15(b). The record, however, does not reflect the date of mailing notice, which determines when the thirty day appeals period begins to run under § 42-35-15(b). Thus, this case is remanded to the Chairman of the Rhode Island State Labor Relations Board to determine the date of mailing notice. The Chairman is ordered to make a determination within twenty days after this decision is filed and to file with this Court his determination promptly thereafter. This Court will retain jurisdiction to consider subject matter jurisdiction. Counsel shall submit the appropriate order for entry.