DECISION
The matter before the Court is an administrative appeal taken by Thomas Pizzi ("plaintiff"). The plaintiff appeals the decision of the defendant, Rhode Island State Labor Relations Board ("Board"), to dismiss his complaint against the intervening defendant, Rhode Island Resource Recovery Corporation ("Corporation"). After reviewing the entire record, the Court dismisses the appeal as untimely pursuant to G.L. (1956) §42-35-15.
 Facts and Travel
In October 1999, the plaintiff was involved in a union drive at his place of employment, Corporation. The union bid was defeated by a vote of the Corporation's employees. In December 1999, the plaintiff was fired by his employer, Corporation. The plaintiff filed for Employment Security Benefits, which were granted after a decision of a Referee was affirmed by the Board of Review. The plaintiff then filed a complaint with the defendant Board.
After holding a hearing and reviewing the record, the Board issued a decision on the merits on December 11, 2001, in which it dismissed the plaintiff's complaint. The plaintiff now appeals the decision of the Board.
 Jurisdiction and Timeliness
The Court's jurisdiction to hear administrative appeals is set out by G.L. (1956) § 42-35-15(b):
 "Proceedings for review are instituted by filing a complaint in the superior court of Providence County or in the superior court in the county in which the cause of action arose, or where expressly provided by the general laws in the sixth division of the district court or family court of Providence County, within thirty (30) days after mailing notice of the final decision of the agency . . . ."
(Emphasis added.) It is well settled that this Court has no jurisdiction to hear untimely filed appeals under this section. See Considine v. RhodeIsland Dep't of Transp., 564 A.2d 1343, 1344 (R.I. 1989) (Rhode Island Supreme Court quashed judgment of district court because under the Administrative Procedures Act ("APA") it possessed no authority to entertain untimely appeals).
The Rhode Island Supreme Court "has uniformly held that statutes prescribing the time and manner of procedure to be followed by a litigant in securing a review of his case in the appellate court are to be strictly enforced." Metcalf v. Interstate Transit Corp., 61 R.I. 486, 487, 2 A.2d 73, 73-74 (1938). Moreover, this Court has no authority to liberalize the period for timely filing an appeal under the APA. SeeGenerally Baker v. Department of Employment and Training Bd. of Rev.,637 A.2d 360, 362 (R.I. 1994) (stating that the purpose of the APA was to provide uniform and consistent review of agency decisions); New EnglandTel. Tel. Co. v. Fascio, 105 R.I. 711, 715, 254 A.2d 758, 761 (1969) (holding that the APA provides the exclusive method for reviewing agency decisions), overruled on other grounds by Matunuck Beach Hotel v.Sheldon, 121 R.I. 386, 399 A.2d 489 (1979).
The Board's decision was issued and mailed on December 11, 2001. The date of mailing notice is the date from which the period for filing a timely appeal commences. The instant appeal was not filed until January 11, 2002. There is a difference of thirty-one (31) days between the date of mailing notice and the date of filing the appeal. Therefore, this Court lacks jurisdiction to entertain this appeal. Accordingly, the appeal is dismissed.
 Conclusion
The plaintiff failed to timely file the instant appeal according to the strictures of § 42-35-15. This Court thus lacks jurisdiction over this appeal. The appeal is therefore dismissed.
Counsel shall submit the appropriate order for entry.