DECISION
Before this Court is an appeal from a decision of the Rhode Island Commission for Human Rights (Commission). Joseph Biernacki, Jr. seeks reversal of the Commission's Decision on Calculation of Damages and Attorney's Fees dated March 2, 2001, ordering damages for his violations of § 34-37-4 of the Rhode Island General Laws. This Court has jurisdiction pursuant to G.L. 1956 § 42-35-15.
 FACTS AND TRAVEL
Joseph Biernacki, Jr. (Appellant) was a real estate broker for Steve Biernacki, who owned the property located at 35 Ceres Street in Providence. This property contained four apartments. The Appellant was authorized to advertise apartments, show the apartments, gather information from the applicants, accept deposits, and inform applicants of the final decision on whether the apartments would be rented to them. In July, 1994, Jacalyn D. Texeira (Complainant) saw an advertisement for a first floor rental apartment at 35 Ceres Street. She responded to the advertisement, and the Appellant subsequently showed her the apartment. The apartment was under construction at the time. The Complainant was interested in the apartment and planned to live there with her three children. She discussed her children and her pet with the Appellant. The Appellant stated that he needed time to do a credit check.
After receiving a message, the Complainant telephoned the Appellant, who then stated that he needed a deposit and a lease. The Complainant gave the Appellant a check for $100 as a deposit and both parties signed a "Residency Agreement." The agreement contained a provision that the Complainant was to move in on or before August 15, 1994. The Complainant subsequently informed her current landlord that she would be moving on or around that date. In contemplation of moving into the Ceres Street apartment, she rejected offers of other apartments and notified various services that she intended to move. On July 31, 1994, the Complainant saw a newspaper advertisement that appeared to advertise the apartment for which she had signed the Residency Agreement. She telephoned the Appellant, who reassured her that it was an advertisement for a different apartment.
The Complainant attempted to contact the Appellant on several occasions thereafter. In early August, 1994, she was able to reach him by telephone. The Appellant informed her that the owner preferred adults and did not want pets. The Appellant also told her that the construction on the apartment was not completed. The Complainant responded that she was willing to wait until the construction was completed. The Appellant then stated that the owner did not want children. The Complainant responded that she would meet with an attorney. On August 3, 1994, the Appellant sent the Complainant a letter, which stated, in part, that "[t]he owner of 35 Cerse [sic] St. will not sign or accept our rental agreement . . . [because] [t]he owner will be moving in and prefers [sic] adults [sic] tenants." The Appellant also returned the Complainant's deposit.
On December 22, 1994, the Complainant filed a charge with the Commission against the Appellant. The Commission subsequently investigated the charge and, on November 27, 1995, found probable cause to believe that the Appellant had violated G.L. 1956 § 34-37-4. On May 3, 1996, a notice of hearing and complaint was issued. The complaint alleged that the Appellant (1) had discriminated against her by denying her the opportunity to rent an apartment because of the presence of her minor children, and (2) had aided and abetted the owner's denial of the opportunity to rent the apartment to the Complainant because of her minor children.
On November 7, 1996, a hearing on the complaint was held before Commissioner John B. Susa. On January 23, 1997, the Appellant submitted proposed findings of fact and conclusions of law; the Complainant did not submit a memorandum. On January 23, 1998, the Commission issued its Decision and Order, which held that the Appellant had discriminated against the Complainant by denying her a housing accommodation because of her familial status in violation of G.L. 1956 § 34-37-4. The Decision and Order directed the Appellant to cease and desist from all unlawful housing practices. It also provided that a hearing on damages would be held, after which the Commission would determine specific damages and additional remedies. With respect to the damages aspect of this proceeding, the Decision and Order further provided that (1) the Complainant could file a motion and accompanying memorandum for an award of attorney's fees, (2) the Appellant could object to that motion, and (3) either party could request a hearing on the issue of attorney's fees.
On February 25, 1998, the Complainant did file a Motion for Award of Attorney's Fees and Memorandum of Law. In March, 1998, the Appellant filed a Memorandum of Opposition of Attorney's Fees, to which the Complainant responded by filing a memorandum objecting to the Appellant's opposition. With respect to the Commission's Decision and Order, the Appellant requested on March 26, 1998 that the Commission reconsider its ruling. On July 2, 1999, the Complainant filed an objection to this request. On November 5, 1999, the Commission issued a Decision on Motion for Reconsideration of the Ruling (Decision on Reconsideration), which denied the Appellant's motion for reconsideration and further provided that a hearing would be scheduled on the issue of damages. On February 28, 2000, a hearing was held before Commissioner Susa on the issue of damages and attorney's fees. On March 2, 2001, the Commission rendered its Decision on Calculation of Damages and Attorney's Fees (Decision). That same day, it mailed its Decision to the parties by certified mail. On March 26, 2001, the envelope addressed to the appellant that contained the Decision was returned to the Commission. On April 26, 2001, the Commission again sent the Decision by certified mail to the Appellant, who received it on April 28, 2001. On May 25, 2001, the Appellant filed an appeal of the Commission's March 2, 2001 Decision with this Court.
TIMELINESS OF APPEAL
The Appellees argue that the Appellant failed to adhere to the time requirements for judicial review of contested cases. They argue that because the Commission's Decision and Order was mailed on January 23, 1998, and the Appellant did not appeal that Decision and Order within thirty days, as required by G.L. 1956 § 42-35-15, the Appellant's appeal was untimely. The Appellees further argue that the Commission's Decision on Reconsideration, which was mailed to the Appellant on November 5, 1999, was likewise not appealed within the required time. Moreover, the Appellees argue that the Commission's March 2, 2001 Decision in which it calculated damages and attorney's fees, which was also mailed to the Appellant on that day, was not appealed by the Appellant until he filed for such on May 25, 2001, well after the thirty-day time period. Therefore, the Appellees maintain that this Court does not have subject matter jurisdiction over the present matter.
The Appellant responds that none of the Commission's rulings made prior to its issuance of its March 2, 2001 Decision were final decisions that would have triggered the statutory thirty-day limit in which to file an appeal. It is his contention that due process and statutory law require that parties have actual notice of final decisions of administrative agencies before the applicable thirty-day appeal period begins to run. He adds that this requirement is particularly resonant in the present case because the Commission allowed several weeks to pass between the first attempt at mailing its Decision to him and the more successful second attempt. Alternatively, the Appellant maintains that G.L. 1956 § 9-21-6
permits the present appeal outside the requisite thirty-day period because of the mailing mistake that was made.
Section 42-35-15(a) of the Rhode Island General Laws provides that "[a]ny person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter." An appeal of an administrative decision governed by the Administrative Procedures Act is barred if it is not filed within thirty days of the final order pursuant to G.L. 1956 § 42-35-15. See Pina v. Dos Anjos,755 A.2d 838 (R.I. 2000) (affirming a summary judgment against an appellant because the appeal was not filed until forty-three days after the decision was rendered). The final orders from which an appeal may be taken are defined in G.L. 1956 § 42-35-12. Bayview Towing, Inc. v.Stevenson, 676 A.2d 325, 328 (R.I. 1996). Section 42-35-12 provides, in pertinent part, that "[a]ny final order adverse to a party in a contested case shall be in writing or stated in the record. Any final order shall include findings of fact and conclusions of law, separately stated." Though the term "final decision" has a consistent and longstanding interpretation as a decision that ends the litigation on the merits and leaves nothing more for the court to do but exercise the judgment, this Court must accord that term its meaning as stated under the Administrative Procedures Act, specifically § 42-35-12. See GreenTree Financial Corp. v. Randolph, 531 U.S. 79, 86-88 (2000) (suggesting that a statutory term should be given its widely-accepted common law definition only in the absence of a contrary direction).
In the present matter, the threshold issue is which, if any, of the decisions that the Commission rendered are final orders that would entitle the Appellant to judicial review and trigger the thirty-day limit in which to file an appeal. According to the applicable statute, G.L. 1956 § 42-35-12, final orders are orders that are (1) either in writing or stated in the record, and (2) include findings of fact and conclusions of law, separately stated. The Commission's January 23, 1998 Decision and Order is in writing and includes a section entitled "FINDINGS OF FACT," which begins on page two thereof and ends on page five. This Decision and Order also has a separate, though brief, section entitled "CONCLUSIONS OF LAW," which is found on page five. This latter section is followed by a lengthy "DISCUSSION" of the case, which also begins on page five and ends on page seven. It is clear to this Court that the Commission's January 23, 1998 Decision and Order satisfies the requirements of G.L. 1956 § 42-35-12 and is a final order.
The Appellant, therefore, had thirty days in which to file an appeal of the Commission's Decision and Order dated January 23, 1998. The Appellant did not file a timely appeal of this Decision and Order with the Superior Court. Instead, he requested that the Commission reconsider the ruling. Moreover, the Commission's Decision on Reconsideration dated November 5, 1999 is not a final order from which the Appellant could appeal to this Court. Though in writing, it includes neither additional findings of fact nor conclusions of law. Indeed, this Decision on Reconsideration is written as a denial of the Appellant's request to present new evidence and new witnesses. Decision on Reconsideration at 4. Therefore, the Commission's Decision on Reconsideration does not satisfy the requirements of G.L. 1956 § 42-35-12 and cannot be identified as a final order.
The Commission's Decision dated March 2, 2001 is in writing and includes a section entitled "FINDINGS OF FACT," which begins on page two thereof and ends on page three. This Decision also contains a lengthy section entitled "DISCUSSION," which begins on page four and ends on page seven. Though there is no section entitled "CONCLUSIONS OF LAW" as in its January 23, 1998 Decision and Order, the Discussion section clearly includes conclusions of law as required by G.L. 1956 § 42-35-12. After considering the facts, the Decision states that "the Commission finds that a civil penalty of $1,000.00 is justified in this case."Decision at 6. Additionally, the Commission awarded $8,150.00 in compensatory damages and qualified this figure by noting that it included "the loss on the sale of her living room set, lost wages while seeking a new apartment and the higher monthly rent for forty-two months." Finally, the Commission's ultimate award of attorney's fees in the amount of $970.00 is sufficiently based on the facts in this matter and buttressed by case law. In reviewing the Commission's Decision, this Court finds that it contains findings of fact and conclusions of law, each separately stated. Therefore, the Decision is in full compliance with G.L. 1956 § 42-35-12.
The next question this Court must answer is whether this Court has jurisdiction over the present appeal with respect to the Commission's two final orders. "The superior court shall have jurisdiction of such appeals and statutory proceedings as may be provided by law . . . ." G.L. 1956 § 8-2-17. The Superior Court has no subject matter jurisdiction over untimely filed administrative appeals. See G.L. 1956 § 8-2-17. Therefore, a failure to comply with G.L. 1956 § 42-35-15(b) precludes relief. See Great American Nursing Ctrs., Inc. v. Norberg, 439 A.2d 249, 253 (R.I. 1983) (holding that the failure of taxpayers to comply with the time requirements of G.L. 1956 § 42-35-15(b) precluded relief). Section 42-35-15(b) requires a party seeking review of an administrative decision to file his complaint "within thirty (30) days after mailing notice of the final decision of the agency or, if a rehearing is requested, within thirty (30) days after the decision thereon . . . ."
In the present matter, the Appellant did not file an appeal of the Commission's January 23, 1998 Decision and Order. The Appellant's "Complaint to Secure Administrative Appeal" seeks a review of the Commission's March 2, 2001 Decision only. Even if the Appellant had sought review of the January 23, 1998 Decision and Order through his complaint, that review still would have been time-barred because it would have been requested over three years from the mailing date of the Decision and Order. However, pursuant to G.L. 1956 § 42-35-15(b), the Appellant's request for a reconsideration of that Decision and Order effectively negates that thirty-day requirement. Section 42-35-15(b) permits the Appellant to file his complaint to the Superior Court within thirty days after the Commission's Decision on Reconsideration. The Commission's Decision on Reconsideration, though not a final order, was rendered on November 5, 1999. The Appellant, therefore, had thirty days from November 5, 1999 to file a complaint with the Superior Court for a review of the Commission's January 23, 1998 Decision and Order. Because the Appellant did not so file, judicial review of the Commission's January 23, 1998 Decision and Order is precluded because of a lack of filing within the required time period.
With respect to the Commission's March 2, 2001 Decision, the Appellant was required to appeal within thirty days after mailing notice of that Decision. The Commission mailed its Decision by certified mail to the Appellant on March 2, 2001, the same day it was rendered. His appeal, however, was not filed until May 25, 2001 — fifty-four days after the Commission's Decision was originally mailed. The envelope containing the March 2, 2001 Decision came back to the Commission marked "Unclaimed." The Appellant argues that because he never received actual notice of the Decision, the thirty-day time period in which to file an appeal did not begin to run when the Commission first mailed the Decision to him. The Appellant's argument must fail because G.L. 1956 §42-35-15(b) requires only mailing notice. Furthermore, notice by certified and regular mail meets the requirements of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as the due process provisions of the Rhode Island Constitution. SeeMennonite Bd. of Missions v. Adams, 462, U.S. 791 (1983) (holding that mailed notice meets the requirements of the Due Process Clause of the Fourteenth Amendment); Quinn Trust v. Ruiz, 723 A.2d 1127, 1129 (R.I. 1999) (holding that mail or personal service must be rendered to interested parties in order for due process demands to be met). Here, the Commission met the standard of notice set forth in G.L. 1956 §42-35-15(b) by mailing notice to the Appellant at his last known address using certified and regular mail. The Commission's Decision did not prejudice the substantive due process rights of the Appellants.
The Appellant's final argument that G.L. 1956 § 9-21-6 grants this Court authority to extend the time period in which he may file his appeal is also without merit. In Considine v. R.I. Dept. of Transp., 564 A.2d 1343
(R.I. 1989), the Rhode Island Supreme Court explained that the applicable statute governing appeals taken out of time is found in G.L. 1956 §9-21-6. Section 9-21-6 provides:
 "When any person is aggrieved by an order, decree, decision, or judgment of the district court or of any probate court or town council from which an appeal or other review is available in the superior court and, because of accident, mistake, unforeseen cause, or excusable neglect has failed to claim his or her appeal, the superior court, if it appears that justice so requires, may, upon petition filed within ninety (90) days after the entry of the order, decree, decision, or judgment, allow an appeal to be taken and prosecuted upon such terms and conditions as the court may prescribe. "
The Appellant's reliance on Considine v. R.I. Dept. of Transp.,564 A.2d 1343 (R.I. 1989) to support his assertion that this Court may hear an untimely-filed administrative appeal pursuant to G.L. 1956 §9-21-6 is misplaced. Considine involved a challenge of a judgment of the District Court. Therefore, as the Considine Court noted, the applicable statute governing appeals taken out of time in such an instance is G.L. 1956 § 9-21-6. Considine, 564 A.2d at 1344. Section 9-21-6 does not apply to appeals from administrative agencies that are subject to review in the Superior Court. In any event, the Appellant never filed a petition with the Superior Court pursuant to G.L. 1956 § 9-21-6 to allow his appeal to be taken in light of any mistake in mailing. Accordingly, this Court has no discretion to grant an appeal pursuant to this section of the General Laws.
 CONCLUSION
This Court finds that it lacks subject matter jurisdiction to hear the present appeal pursuant to G.L. 1956 § 42-35-15, the governing statute, because it was untimely filed. Furthermore, this Court has no discretion in this matter to extend the time period in which to file the appeal pursuant to G.L. 1956 § 9-21-6. Accordingly, this Court cannot hear the present appeal.
Counsel shall submit the appropriate order for entry.