[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter is an administrative appeal from an order of the Administrator of the Division of Public Utilities and Carriers ("Division"). Executive Transportation, Inc. ("plaintiff") appeals that portion of Order # 16824 of Division, which found dormant the authority granted under Certificate MC-T-6(sub 14) with regards to two (2) taxicabs and thus, revoked that authority. After reviewing the entire record, the Court dismisses the appeal as untimely pursuant to G.L. 1956 § 42-35-15.
 FACTS AND TRAVEL
On September 11, 2001, plaintiff applied to Division for permission to transfer the authority to operate four (4) taxicabs to Airport Taxi, Inc. Division held hearings on October 11, 2001 and December 11, 2001, with regard to this transfer. At the hearings, it was established that plaintiff's Certificate of Authority allowed the operation of four (4) taxicabs; however, plaintiff had been operating only two (2) taxicabs under the Certificate for at least the prior 180 days. It was further determined that pursuant to G.L. 1956 § 39-14-25, "the administrator shall only reissue and transfer a certificate upon evidence that the transferor of the certificate has, during the six (6) month period immediately prior to receipt of the transfer application . . . been rendering the service authorized by the certificate." Therefore, the Administrator on January 3, 2002, issued order # 16824, allowing the transfer of the Certificate as to the two active vehicles, and denying the transfer pertaining to the two dormant licenses. Plaintiff filed a Motion for Relief from Order with the Division, in accordance with Rule 31(b)(6) of the Division's Rules and Regulations, on January 17, 2002. This Motion was denied by Division on March 14, 2002, and the instant appeal was filed by plaintiff on April 10, 2002.
 APPEAL AND TIMELINESS
Rhode Island General Laws (1956) § 39-3-33 enables the Division of Public Utilities and Carriers to promulgate rules to aid in regulation and enforcement of its statutorily defined duties. The Rules of Practice and Procedure published by the Division of Public Utilities and Carriers provide guidelines for seeking relief from an order by which one is aggrieved. Specifically, plaintiff utilized Rule 31(b), which allows that "[o]n motion or sua sponte, and upon such terms as are just, the Administrator may relieve a party from a final order or proceeding for the following reasons: . . . (6) Any other reason justifying relief from the operation of the order." Rule 31(c) requires that the time within which a Rule 31(a) or (b) Motion for Relief from Order may be brought must be "within a reasonable time, not more than one (1) year after the order is entered." Additionally, Rule 31(c) specifically states that "[a] motion under subsection (b)does not affect the finality of an order or suspend itsoperation." (Emphasis added.)
Plaintiff advances several arguments in support of its request for relief. However, the threshold issue regarding which order is appealed from must be addressed. Plaintiff's theory that the Division's denial of plaintiff's Motion for Relief from Order is a final order, and thus the instant appeal is timely under the Administrative Procedures Act is plainly in error. The rule under which plaintiff requested relief clearly states that a motion for relief will not affect the finality of the order.[1]
Therefore, the final order from which plaintiff appeals is dated January 3, 2002. Plaintiff thus had thirty (30) days from that date in which to file an appeal pursuant to the Division's Rules of Practice and Procedure and G.L. (1956) § 42-35-15. Seealso Biernacki v. Texeira and Rhode Island Commission forHuman Rights, 2003 R.I. Super. Lexis 40 (a discussion of what constitutes a final order and thus is appealable under the APA).
Rhode Island Courts lack subject matter jurisdiction over untimely appeals filed under the Administrative Procedures Act, G.L. (1956) § 42-35-15. See Considine v. Rhode Island DOT,564 A.2d 1343 (R.I. 1989) (The District Court lacked the statutory authority to entertain an untimely appeal filed more than thirty (30) days after an order suspending a driver's license.) Pina v. Dos Anjos, 755 A.2d 838 (R.I. 2000) (affirming a summary judgment against appellant where the appeal was filed forty-three (43) days after the final decision). The final order of Division was filed on January 3, 2002, and plaintiff filed this complaint on April 10, 2002. This difference of ninety seven (97) days clearly precludes the exercise of jurisdiction by this Court. The appeal is therefore dismissed. Counsel shall submit the appropriate order for entry.
[1] Perhaps plaintiff is confusing a motion under Rule 31(b) for a motion made under Rule 31(d). A motion made under the latter rule allows the time computation for an appeal to run from the date of the denial of a Motion for Reconsideration, rather than from the original order. The Rules clearly differentiate between the two motions, allowing additional time in 31(d). However, the procedure for a Motion for Reconsideration requires that the motion be filed not later than ten (10) calendar days after the date of the order. Rule 31(d) The fact that Order # 16824 was entered on January 3, 2002 and the date of the motion filing of January 17, 2002, would have rendered the appeal untimely even if plaintiff had elected the alternative provision.